[No. 33016.    Department Two.    August 25, 1955.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL TAYLOR,
*Appellant.*[1]

[1]Reported in 287 P. (2d) 298.

*Maurice Kadish,* for appellant.

*Charles O. Carroll* and *Laurence D. Regal,* for respondent.

ROSELLINI, J.—Appellant Taylor and three other defendants, Alphonso Scarborough, Winfred Williams, and William Stinson, were tried in the superior court for King county; all of the defendants were found guilty by the jury. Taylor is the only defendant who has appealed. Williams and Stinson were charged, under separate counts, with two separate offenses of robbery. Appellant and defendant Scarborough were charged with the crime of aiding and abetting the commission of these offenses. The crime of aiding and abetting was not mentioned in count I, nor was appellant charged as a principal. In count II, he was charged with aiding and abetting the unlawful acts charged in the "above two counts." He was convicted on both counts and sentenced to a maximum of twenty years in the penitentiary for each crime, the sentences to run concurrently.

Appellant contends that count I was insufficient to charge him with any crime and that consequently he was improperly convicted under that count. Respondent answers that

the information was adequate to give appellant full notice of the crimes with which he was charged. While we agree with respondent that the accused could not have been misled by the form of the information and was fully apprised of the crimes with which he was charged, the information was nevertheless defective and the appellant's position must be sustained.

■ We have held that under Rem. Rev. Stat., § 2059 (RCW 10.37.060), separate offenses must be stated in separate counts, and that a defendant may be convicted of only one offense under each count. *State v. Sullivan,* 172 Wash. 530, 22 P. (2d) 56. The rule is a salutary one for the accused, as we said in that case, and places no undue burden upon the state. Since appellant was charged with no offense under count I, his conviction under that count must be reversed.

In his second assignment of error, appellant urges that the state's evidence was insufficient to sustain a verdict, and that the court erred in denying his motion for a directed verdict. There was testimony by the arresting officers that on the night of the robberies appellant was driving a car answering the description given to them by a witness; that the other three defendants were passengers in the car; and that thirty-three dollars in currency was found stuffed beneath the back rest of the front seat of appellant's car. This was the exact amount of money, in identical denominations, which one of the victims testified was taken from his wallet. Other currency and a large amount of change was found on the persons of the defendants. Defendant Williams was identified in the police line-up by several witnesses to the robberies, and defendants Stinson and Scarborough each admitted participation in the crimes. While appellant denied any knowledge of the robberies, he admitted that he picked up the other defendants shortly after dark on the night of the robberies and that he drove them to the areas which the state's detective described as being in close proximity to the two grocery stores which were robbed, and that he then drove them to Twenty-third and Madison, where they were all arrested.

██ Verdicts in either civil or criminal cases may be based entirely upon circumstantial evidence. *State v. Long,* 44 Wn. (2d) 255, 266 P. (2d) 797; *State v. Evans,* 32 Wn. (2d) 278, 201 P. (2d) 513. In order to sustain a conviction on circumstantial evidence, the circumstances proved by the state must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish, or tend to establish, his innocence. *State v. Long, supra,* and cited case.

██ The guilt of the other three defendants was established by both direct and circumstantial evidence. Appellant's guilt can be inferred from his admission that he drove the car to the scenes of the robberies, together with the fact that the stolen money was found in his automobile, and the further fact that he offered no explanation of how he was able to remain in ignorance of his companions' activities. The jury could have found these facts inconsistent with any theory of innocence. The evidence was legally sufficient to support the verdict, and the court did not err in submitting the case to the jury.

██ It is contended that the court erred in admitting in evidence the confessions of two of appellant's codefendants, since, as to him, these statements were hearsay and would have been inadmissible had he been tried alone. The question raised by appellant was discussed at length by this court in *State v. Goodwin,* 29 Wn. (2d) 276, 186 P. (2d) 935. Our cases were reviewed, and the following rule was derived from them: Confessions of one defendant, jointly tried with another, may be introduced in evidence; but in such cases, the defendant or defendants who did not make the confession and were not present when it was made should be protected by proper statements to the jury that the confession should not be considered as against him or them. This rule was again recognized in *State v. Barry,* 43 Wn. (2d) 807, 264 P. (2d) 233.

Throughout the trial, the court cautioned and instructed the jury that a statement made by any one of the defendants was to be considered only against the defendant mak-

ing the statement and not against the defendants who were not present when the statement was made. Appellant's admissions and the circumstantial evidence outlined above were sufficient to sustain his conviction, and we cannot presume that, in reaching its verdict, the jury disregarded the court's admonitions and considered these confessions as evidence against the appellant.

Appellant further contends that the confessions of his codefendants were obtained through fraud or duress. Since the jury was instructed that it must disregard these statements in arriving at its verdict as to him, he was not harmed. If the statements were unlawfully obtained (and in examining the record, we find little merit in this contention), the error in admitting them is not one of which appellant can complain.

Appellant assigns error to the denial of his motion for a separate trial. RCW 10.46.100 (Rem. Rev. Stat., § 2161) provides:

"When two or more defendants are indicted or informed against jointly, any defendant requesting it may, in the discretion of the trial judge be tried separately."

Exercise of the discretion conferred upon the court by the statute can be reviewed only in case of manifest abuse, and it is not an abuse of discretion to deny a defendant a separate trial where a confession of a codefendant will be admissible against that defendant but inadmissible against the moving party. *State v. Guerzon*, 23 Wn. (2d) 242, 160 P. (2d) 603; and see *State v. Miles*, 34 Wn. (2d) 55, 60, 207 P. (2d) 1209. Appellant's request for a separate trial was based solely upon the ground that the statements of his codefendants would be prejudicial to him. We find no error in the court's refusal to grant his motion.

Finally, appellant urges that he was entitled to a new trial by reason of misconduct of the state's counsel. Several of the statements attributed to the prosecutor by appellant do not appear in the record. The prosecutor's reference to the penitentiary during the course of his ar-

gument to the jury was in answer to a statement made by one of the defense counsel and was therefore excusable.

Appellant complains that he was prejudiced by the prosecutor's concluding remarks, wherein he expressed his belief that the defendants were all guilty. The circumstances were such that the defect could have been cured by an instruction, but none was requested. In the absence of such a request, we cannot consider the assignment of error. *State v. McWhinney*, 23 Wn. (2d) 334, 161 P. (2d) 162.

The judgment is reversed as to count I, affirmed as to count II, and remanded with instructions to enter a judgment in conformity with the views expressed herein.

HAMLEY, C. J., MALLERY, HILL, and FINLEY, JJ., concur.

[1]Reported in 287 P. (2d) 295.