[No. 39777. Department One. November 7, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. QUINCY HILL
BROWN, *Appellant.**

*Reported in 447 P.2d 82.

*Elwood Hutcheson,* for appellant.

*Lincoln E. Shropshire* and *F. James Gavin,* for respondent.

NEILL, J.—Defendant appeals from a conviction of second degree assault. The altercation from which the charge arose occurred in Yakima on the evening of January 8, 1967. Several police officers were called to investigate a disturbance. Upon arriving at the scene, officers encountered a group of people in the street, talking and yelling excitedly. They saw two females fighting and rolling on the sidewalk. This affray was soon joined by two other women and a small boy. The officers separated the participants. One of the officers seized a combatant, Patricia Graham, and pulled her out of the melee. While the officer was holding Miss Graham, the defendant appeared and struck repeatedly at her with a knife, stabbing her at least once. The officer subdued the defendant and she surrendered her weapon.

An information was filed charging that defendant "did . . . knowingly, wilfully and feloniously inflict grievous bodily harm upon another . . . ." At the commencement of the trial, the information was read to the jury. The state then, in the absence of the jury, moved to amend the information to read, "did . . . knowingly, wilfully and feloniously assault another . . . ." This motion was granted and the amended information was then read to the jury. Defense counsel objected solely upon the ground that this motion was not timely. He did not claim surprise or ask for a continuance. The ruling permitting this amendment is assigned as error.

Criminal Rule for Superior Court 101.04W (b), RCW vol. 0, provides:

At any time before or during trial, the court may permit the amendment of an information and permit proof to be offered in support thereof. If the defendant shows to the satisfaction of the court that he is misled by the amendment, the court shall make such order as will secure to the defendant full opportunity to defend.

A defendant cannot claim error from the amendment of an information unless he can show he was prejudiced thereby. *State v. Graeber,* 46 Wn.2d 602, 283 P.2d 974 (1955). If defendant was misled or surprised by the amendment of the information she was entitled to move for a continuance to secure time to prepare her defense. *State v. LaPierre,* 71 Wn.2d 385, 428 P.2d 579 (1967). The fact that she did not do so is persuasive of a lack of surprise and prejudice. *See, State v. Estill,* 50 Wn.2d 245, 310 P.2d 885 (1957).

No showing of the infliction of grievous bodily harm is necessary to support a conviction for second degree assault. *See, State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967). Defendant was not prejudiced by the jury's hearing the original information, because, if anything, this placed a greater burden upon the state than is actually required. The only possible prejudice would be that defense counsel was not prepared to defend against the lower burden placed upon the prosecution by the amended information. This could have been avoided by asking for a continuance, which defendant did not do.

Defendant cites Const. art. 1, § 22 (amendment 10), *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965), and a number of other cases in support of her apparent contentions that the amended information did not apprise her of the nature of the accusation against her. However, we do not view *Royse* or the other cases cited by defendant as being applicable here. The allegations of the information are sufficient. Furthermore, defendant did not avail herself of her obvious remedy of a motion to make more definite and certain or for a bill of particulars. *See, State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968).

■ In her second assignment of error, defendant urges that the trial court should not have stricken testimony showing that, before trial, the assault victim voluntarily requested the prosecuting attorney to dismiss the case. This, defendant contends, would have shown the victim was not seriously injured, that the assault by defendant was justified, and that the victim did not blame defendant for the assault. The testimony was irrelevant. This crime was a crime against the state as well as against the victim, and the crime does not disappear merely because the victim later chooses to forgive her assailant. Cf., State v. Jackson, 72 Wn.2d 50, 431 P.2d 615 (1967). Serious injury is not a necessary element of second degree assault under RCW 9.11.020(4). No inference that the force used by defendant was lawful within the terms of RCW 9.11.040 can be drawn merely from the victim's later desire that the charges be dropped.

Defendant also assigns error to the failure of the trial court to direct a verdict for defendant. The record contains substantial evidence tending to establish defendant's guilt. Two police officers, one of whom was restraining the victim, saw defendant strike the victim with a knife. In light of this testimony, the trial court had no alternative but to submit the question of defendant's guilt to the jury. State v. Mudge, 69 Wn.2d 861, 420 P.2d 863 (1966).

Defendant also claims that remarks of the deputy prosecuting attorney during closing argument to the jury constituted misconduct. The challenged statement is:

> First off, counsel mentioned that this is a penitentiary offense. But also, defendant does not have any felony convictions and there's a possibility that she will get probation. Besides, it is not your duty to surmise what the penalty is supposed to be.

■ These remarks were apparently made in rebuttal to defense counsel's earlier statement that this was a "penitentiary offense." Since the issue of punishment was first interjected into the trial by the defense attorney, the prosecution's later reference to punishment, although improper,

was excusable. *State v. Taylor,* 47 Wn.2d 213, 287 P.2d 298 (1955).

 Furthermore, it does not appear from the record that defendant objected to this portion of the closing argument nor did she request a curative instruction. Under these circumstances, any objection to the claimed misconduct is waived unless "the misconduct has been so flagrant that an instruction could not cure it." *State v. Cogswell,* 54 Wn.2d 240, 242, 339 P.2d 465 (1959). *See also, State v. Taylor, supra; State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956); *State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1966). The claimed error is not so flagrant that it could not have been cured.

 Defendant's other assignments of error are not supported by argument in her brief and therefore will not be considered. *Seattle v. Schaffer,* 71 Wn.2d 600, 430 P.2d 183 (1967).

There being no reversible error, the judgment and sentence is affirmed.

FINLEY, C. J., ROSELLINI and HALE, JJ., and DONWORTH, J. Pro Tem., concur.

---

December 20, 1968. Petition for rehearing denied.