[No. 14439-1-I.   Division One.   December 30, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. MARILYN KAY PFEIFER, *Appellant*.

*David F. Hulbert* and *James R. Hawes,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *Ronald W. Doersch, Deputies,* for respondent.

SWANSON, J.—Marilyn Kay Pfeifer appeals her jury conviction for obtaining a controlled substance by fraud, RCW 69.50.403(a)(3).[1] The issues raised on appeal are (1) whether the trial court erred in admitting for impeachment

---

[1] RCW 69.50.403(a)(3) provides in part:

"(a) It is unlawful for any person knowingly or intentionally:

". . .

"(3) To obtain or attempt to obtain a controlled substance, or procure or attempt to procure the administration of a controlled substance, (i) by fraud, deceit, misrepresentation, or subterfuge; or . . . (iii) by the concealment of material fact; . . ."

under ER 609(a)(2) evidence of Pfeifer's prior misdemeanor conviction for filing a fraudulent proof of an insurance claim, (2) whether the court erred in permitting the information's amendment, and (3) whether the court abused its discretion in admitting Pfeifer's out–of–court statements prior to the establishment of the corpus delicti of the crime by independent evidence.

From December 1982 through March 1983, Pfeifer obtained about 32 prescriptions for Ritalin, a controlled substance, from at least 10 different physicians based upon her representation that her son was taking the drug for hyperactivity. Ten physicians who testified at trial indicated that they would not have prescribed the drug had they known that other physicians were prescribing the drug during the same time period. One of the doctors who had been prescribing Ritalin for Pfeifer's son contacted Child Protective Services after discovering that another physician was also prescribing Ritalin for Pfeifer's son, and a police investigation ensued.

Trial testimony revealed that Ritalin has a value of $34 per 100 tablets and has an amphetamine–like, stimulative effect on an adult. Det. Stiles of the Everett Police Department Narcotics Division testified that Pfeifer admitted that she had taken some of the pills herself and had given some of the tablets to a friend to lose weight.

At trial Pfeifer admitted visiting the different physicians to obtain the multiple prescriptions so that, according to her, she could accumulate a large quantity of the drug since she feared being laid off from work and losing the medical insurance coverage that paid for the drugs while her son still had several years of high school to attend. She further testified that she flushed the Ritalin supply down the toilet so that the drugs could not be used as evidence against her, and she admitted lying to Det. Stiles because she did not want to go to jail when she told him that the drugs were with a friend. Pfeifer was convicted by a jury of obtaining a controlled substance by fraud and was sentenced accordingly.

The first issue is whether the admission of the defendant's prior misdemeanor conviction for impeachment purposes was error. The trial court admitted evidence of Pfeifer's prior conviction to impeach Pfeifer's credibility pursuant to ER 609(a)(2), which states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime . . . (2) involved dishonesty or false statement, regardless of the punishment.

In contrast to ER 609(a)(1), which grants discretionary authority to admit prior felony convictions, ER 609(a)(2) requires the admission of all prior felony or misdemeanor convictions that involve a crime of "dishonesty or false statement"; under ER 609(a)(2) the trial court has no discretion.[2] *State v. Burton,* 101 Wn.2d 1, 4-5, 676 P.2d 975 (1984).

Here Pfeifer's prior conviction that was admitted for impeachment under ER 609(a)(2) was for filing a fraudulent proof of an insurance claim in violation of RCW 48.30-.230,[3] a gross misdemeanor. Pfeifer argues that admitting evidence of this prior conviction was error since the crime of which she was convicted does not bear upon her propensity to testify truthfully.

■■ The purpose of allowing impeachment by prior conviction evidence is to shed light on a witness' credibility.

---

[2]Under ER 609(a)(1) evidence of prior felony convictions that do not involve dishonesty or false statement are admissible only if the trial court first determines that the evidence's probative value outweighs its prejudicial effect. *State v. Burton,* 101 Wn.2d 1, 5, 676 P.2d 975 (1984).

[3]RCW 48.30.230 provides:

"Any person, who, knowing it to be such:

"(1) Presents, or causes to be presented, a false or fraudulent claim, or any proof in support of such a claim, for the payment of a loss under a contract of insurance; or

"(2) Prepares, makes, or subscribes any false or fraudulent account, certificate, affidavit, or proof of loss, or other document or writing, with intent that it be presented or used in support of such a claim, is guilty of a gross misdemeanor."

Therefore, under ER 609(a)(2) only prior conviction evidence that bears directly on a witness' ability to testify truthfully is admissible for impeachment. The Washington Supreme Court has defined the category of crimes involving "dishonesty" to include only those crimes having elements in the nature of crimen falsi, the commission of which involves some element of deceit, fraud, untruthfulness or falsification bearing on the accused's propensity to testify truthfully. *Burton,* at 7, 10.

The crime of knowingly filing a fraudulent proof of an insurance claim of which Pfeifer was convicted is in the nature of crimen falsi and involves an element of untruthfulness, deceit, fraud or falsification bearing on the accused's propensity to testify truthfully such that it is a crime involving "dishonesty or false statement" under ER 609(a)(2). Moreover, since under ER 609(a)(2) evidence of a prior conviction of a crime involving dishonesty or false statement is automatically admissible, no record of the trial court's reasons for admission was required under *State v. Jones,* 101 Wn.2d 113, 122, 677 P.2d 131 (1984) once the trial court determined that the crime involved dishonesty or false statement.[4]

■ Next, Pfeifer contends that the trial court erred in allowing the information's amendment since she was prejudiced thereby in that her defense had been predicated upon

---

[4]The defendant has not expressly raised the issue of whether her prior conviction, which was dismissed pursuant to RCW 9.95.240 upon the completion of probation, was inadmissible for impeachment under ER 609(c), which provides that a prior conviction is inadmissible for impeachment if the conviction has been the subject of a pardon or equivalent procedure based upon a finding of rehabilitation and the witness has had no subsequent felony convictions.

However, neither Pfeifer's petition to withdraw her guilty plea nor the order dismissing the amended information recites a finding of rehabilitation, and an examination of the record reveals no evidence that Pfeifer met her burden of showing that the dismissal of the information was based upon a finding of rehabilitation, as ER 609(c) requires. *See United States v. Wiggins,* 566 F.2d 944, 946 (5th Cir.), *cert. denied,* 436 U.S. 950 (1978); 3 J. Weinstein & M. Berger, *Evidence* ¶ 609[08], at 609–97 & n.15 (1985). Thus even if the question had been before this court, ER 609(c) did not bar the admission of Pfeifer's prior conviction for impeachment.

the State's having to prove conversion for personal use, which was eliminated in the amended information. CrR 2.1(d) states:

The court may permit any information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

The defendant bears the burden of demonstrating prejudice, *i.e.*, that he was misled or surprised. *State v. Brown,* 74 Wn.2d 799, 801, 447 P.2d 82 (1968); *State v. Brisebois,* 39 Wn. App. 156, 162–63, 692 P.2d 842 (1984), *review denied,* 103 Wn.2d 1023 (1985). Where such a showing is made, the defendant is entitled to move for a continuance. *State v. Laureano,* 101 Wn.2d 745, 762, 682 P.2d 889 (1984).

Here the amended information did not require Pfeifer to defend against any additional allegations or to rebut additional testimony. *Brisebois,* at 163. Rather, the amended information deleted the phrase regarding conversion for personal use, upon which Pfeifer claims the defense was predicated so that she was prejudiced by the amendment. However, the inclusion of unnecessary facts in the original information was merely surplusage and did not make the content of the surplus phrase an element of the crime. *State v. McGary,* 37 Wn. App. 856, 859–60, 683 P.2d 1125, *review denied,* 102 Wn.2d 1024 (1984). Thus Pfeifer's reliance upon the State's having to prove the content of the surplus phrase was misplaced. Further, a proper cautionary measure was that the court required the State to prove the offense as stated in the original information. The trial court did not err in permitting the information's amendment and denying Pfeifer's motion for a continuance.

■ Moreover, the trial court did not abuse its discretion in admitting Pfeifer's out–of–court statements prior to the establishment by independent evidence of the corpus delicti of the crime charged. Such matters of timing are within the trial court's discretion and will not be overturned absent an abuse of discretion. *Bremerton v. Corbett,* 42 Wn. App. 45, 50 n.4, 708 P.2d 408 (1985); *State v. Col-*

*lins,* 30 Wn. App. 1, 12, 632 P.2d 68, *review denied,* 96 Wn.2d 1020 (1981). Proof of the corpus delicti requires evidence that the crime charged has been committed by someone, and a prima facie showing is necessary to admit the accused's admissions. *State v. Fellers,* 37 Wn. App. 613, 615, 683 P.2d 209 (1984). Here the doctors' testimonies established a prima facie case that someone had obtained a controlled substance by fraud, deceit, misrepresentation, subterfuge or concealment of a material fact.

The judgment below is affirmed.

RINGOLD, J., and HOLMAN, J. Pro Tem., concur.