[No. 8752–2–III.   Division Three.   May 3, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. BRIAN BRYANT, *Appellant.*

*James Egan,* for appellant (appointed counsel for appeal).

*Andrew K. Miller, Prosecuting Attorney,* and *Peter Berney, Deputy,* for respondent.

GREEN, J.—Brian Bryant appeals a juvenile court order requiring him to serve 5 days in detention. He contends the court (1) erred in finding he violated a prior disposition order, and (2) lacked jurisdiction under RCW 13.40.200 to impose detention. We affirm.

On January 14, 1987, following a disposition hearing, Brian was placed on community supervision for taking a motor vehicle without permission. The terms of the disposition order required Brian pay a fine by April 30, remain in the care, custody and control of his parents, attend school, obey curfew hours, and meet weekly with the probation counselor. On June 26 the prosecutor's office filed a

motion alleging several violations of this order. On July 7 the court found Brian violated the disposition order. The deadline for payment of the fine was extended and he was ordered to participate in an alcohol/drug program and spend 3 days in detention.

On July 9 a second motion was filed alleging another violation by "(1) Failure to obey the law by forcing entry into his parents' garage and taking their car without permission; (2) Failure to remain in the care, custody, and control of parents, by taking the above said car to Yakima." On July 15 a hearing was held on this motion. The probation officer testified that Brian told him that he and an 18-year-old friend forcibly broke into his parents' locked garage in Prosser during their absence and took the family vehicle and drove to Yakima. Brian's parents were then notified. Brian's mother testified he did not have prior permission to take the vehicle—at least until he obtained a driver's license. Brian did not have a driver's license at the time of the taking. After the occurrence, she indicated she did not object to his taking the car.

Following the hearing, the juvenile court found Brian violated the disposition order, ordered Brian spend 5 days in detention and imposed a more restrictive weekend curfew. The order was stayed pending this appeal.

First, Brian contends the court erred in finding the prior disposition order had been violated. He argues there is no evidence to sustain the finding he took the car without permission as his mother's ratification of the taking eliminated the "without permission" element of the charge. We disagree.

■■ The record shows at the time Brian and his friend forced their way into the garage and took the vehicle, he did not have permission to do so. At that time the crime of taking a motor vehicle without permission was complete and the disposition order was violated. Brian was not a licensed driver. His mother's attempt to later approve of the taking to help Brian avoid another violation of the disposition order must fail. Her testimony indicates he was

not to drive the vehicle until he obtained his driver's license. The juvenile court properly determined the circumstances warranted the finding a violation of the order had occurred. The taking was a crime against the State as well as the victim, and does not disappear merely because the victim later chooses to forgive the perpetrator. *State v. Brown,* 74 Wn.2d 799, 802, 447 P.2d 82 (1968); *People v. Lucero,* 623 P.2d 424, 427 (Colo. Ct. App. 1980). We find no error.

Second, Brian contends the court did not have jurisdiction to sentence him to 5 days' detention for violation of his disposition order. Since all previously imposed punishment had been completed, except for 3 months' community supervision, he argues that RCW 13.40.200 does not authorize the imposition of any term of confinement. Furthermore, if additional confinement is to be imposed, then it must result from the filing of an information for criminal contempt. We disagree.

█ RCW 13.40.200 provides:

(1) When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor or its own motion, may modify the order after a hearing on the violation.

(2) The hearing shall afford the respondent the same due process of law as would be afforded an adult probationer. The court may issue a summons or a warrant to compel the respondent's appearance. The state shall have the burden of proving by a preponderance of the evidence the fact of the violation. The respondent shall have the burden of showing that the violation was not a wilful refusal to comply with the terms of the order. If a respondent has failed to pay a fine, penalty assessments, or restitution or to perform community service hours, as required by the court, it shall be the respondent's burden to show that he or she did not have the means and could not reasonably have acquired the means to pay the fine, penalty assessments, or restitution or perform community service.

(3)(a) *If the court finds that a respondent has wilfully violated the terms of an order pursuant to subsections*

*(1) and (2) of this section, it may impose a penalty of up to thirty days' confinement. . . .*

   (b) If the violation of the terms of the order under (a) of this subsection is failure to pay fines, penalty assessments, complete community service, or make restitution, the term of confinement imposed under (a) of this subsection shall be assessed at a rate of one day of confinement for each twenty–five dollars or eight hours owed.

(Italics ours.) Here, the court determined that Brian willfully violated the prior order of disposition by taking his parents' car without permission. Since this violation falls within the provisions of section (3)(a) rather than (3)(b) of the above statute, the court may impose an additional penalty of up to 30 days' confinement. The statute is unambiguous. *See State v. Martin,* 102 Wn.2d 300, 684 P.2d 1290 (1984). Thus, Brian's contention the juvenile court was without jurisdiction to impose detention for the violation must be rejected. This is consistent with RCW 13.40-.010(2)(c) which states one of the purposes of the act is to "[m]ake the juvenile offender accountable for his or her criminal behavior".

   Affirmed.

   THOMPSON, A.C.J., and MUNSON, J., concur.