[No. 24487-6-I.  Division One.  April 29, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT JAMES DeBOLT, *Appellant.*

*Philip J. Lynch* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Leslie, Deputy,* for respondent.

BAKER, J.—Robert DeBolt appeals his conviction on two counts of indecent liberties, alleging that the trial court erred in permitting the amendment of the information after the State had rested and DeBolt had testified. We affirm.

I

Robert DeBolt married Lynn DeBolt and adopted her daughter, C., age 3. C., who was 12 years old at the time of trial, testified that DeBolt began molesting her when she was 8 or 9 years old. She testified the incidents occurred when her mother was bowling, her younger brother was in bed, and she and DeBolt were watching television. She stated that once DeBolt pulled her onto his lap, unhooked her bra, fondled her chest under her nightgown, and touched her pubic area. This incident was charged in count 1. In a second incident charged in count 2, C. testified that

she was in DeBolt's bedroom watching the Grammy Awards on television when he came in, took off his clothes, got into bed and pulled her under the covers. She was wearing a nightgown, bra, and underwear. He then started touching her under her bra on her chest and on her pubic area.

C. telephoned her sister, S., the following day to tell her about the incident and to obtain her natural father's phone number. Her sister did not give her the number and advised her to tell her mother. C. did so.

DeBolt denied the touching incidents and the statements attributed to him by C. He opined that C. was a frustrated girl who made these allegations because she wanted to get away from home. DeBolt stated his wife bowled Monday nights from 6 p.m. to 9 p.m., and because C. went to bed before her younger brother, there was never a time when C. and he would be alone watching television while her brother was asleep.

S. testified that C. was upset and afraid when she called her in April 1988 and told her about the incidents with DeBolt. S.'s mother testified that after C.'s phone call, she called Child Protective Services (CPS). A CPS social worker testified C. reluctantly related the details of the incident to him.

After the State had rested its case and DeBolt had testified, the State moved to amend the time periods of the two counts charged. The court denied amendment of the first count, but permitted the State to amend the charging period of the second count from "March 1, 1988 through March 30, 1988" to "December 26, 1987 to April 13, 1988." The court noted that the parties had clearly discussed count 2 as the Grammy Awards incident and that if anybody had been concerned about the date when the incident occurred, they could have called the television station. The court granted the defense a 2–day continuance. The court further noted that the amendment was highly technical, that the defense was not prejudiced, and the nature of the case was not changed. There was no alibi defense as to any specific dates.

Subsequently, a television executive called by the defense testified that the Grammy Awards aired on March 2, 1988. Because March 2 was not a Monday, *i.e.*, a bowling night, the court permitted the State to recall C. as a rebuttal witness to testify that her mother was on a business trip on the night the Grammy Awards were on television.

The jury returned a verdict of guilty on both counts of indecent liberties. DeBolt filed this timely appeal.

## II

DeBolt contends he was denied his constitutional right to know the nature and cause of the accusation against him when the court permitted the State to amend count 2 to change the charging period after it had rested its case in chief.

Const. art. 1, § 22 (amend. 10) provides that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him". Thus, a defendant cannot be tried for a crime not charged. *State v. Pelkey,* 109 Wn.2d 484, 487, 745 P.2d 854 (1987).

In *Pelkey* the State sought to amend the information from a charge of bribery to the charge of trading in special influence, two crimes which have different elements. The Supreme Court held that

> A criminal charge may not be amended after the State has rested its case in chief unless the amendment is to a lesser degree of the same charge or a lesser included offense. Anything else is a violation of the defendant's article 1, section 22 right to demand the nature and cause of the accusation against him[.]

*Pelkey,* 109 Wn.2d at 491.

The rule announced in *Pelkey* is not applicable to all amendments to informations. It is not applicable, for instance, to amendments which "merely specif[y] a different manner of committing the crime originally charged." (Citation omitted.) *Pelkey,* 109 Wn.2d at 490.

█ Here, the amendment modified the charging period of the offense. Cases involving amendment of the charging

date in an information have held that the date is usually not a material element of the crime. Therefore, amendment of the date is a matter of form rather than substance, and should be allowed absent an alibi defense or a showing of other substantial prejudice to the defendant. *State v. Allyn,* 40 Wn. App. 27, 35, 696 P.2d 45, *review denied,* 103 Wn.2d 1034 (1985); *State v. Fischer,* 40 Wn. App. 506, 510–12, 699 P.2d 249, *review denied,* 104 Wn.2d 1004 (1985); *see also State v. Brisebois,* 39 Wn. App. 156, 162–63, 692 P.2d 842 (1984), *review denied,* 103 Wn.2d 1023 (1985).

Further, *Pelkey* refers to a "criminal charge" being amended. *Pelkey,* 109 Wn.2d at 491. Since the date here was not a material part of the "criminal charge", this case falls outside the ambit of *Pelkey.* The precise date the abuse occurred was not a critical aspect of the original information, which alleged the act was committed "during a period of time". Children often cannot remember the exact date of an event, and in cases of sexual abuse, they may repress memory of that date.

Here, the crime charged remained the same after the amendment. The specific incident to which all parties referred as the incident occurring the night of the Grammy Awards remained the same. The original charge noted March 1 through 30, 1988. The amended charge noted a longer period, December 26, 1987, through April 13, 1988, which included the original time frame. After the amendment, DeBolt introduced evidence via a television station executive that the Grammy Awards took place on March 2, 1988, a date which was included in both the original and amended charges. Thus, it is difficult to conceive how this change in the charging period deprived DeBolt of necessary notice of the nature and cause of the accusation against him. Further, the court granted DeBolt a continuance. We

conclude that the amendment neither violated his constitutional rights, nor resulted in prejudice.[1]

The other errors alleged by DeBolt have no merit. DeBolt complains of the trial court's admission of the hearsay testimony of C.'s sister and the CPS social worker as to C.'s statements that DeBolt had sexually abused her.

The fact of complaint or "hue and cry" doctrine is a case law exception to the hearsay rule allowing the State to introduce evidence in its case in chief that a rape victim has made a timely complaint. Details of the complaint and the identity of the offender are not permitted. *State v. Osborn,* 59 Wn. App. 1, 7 n.2, 795 P.2d 1174 (citing *State v. Ferguson,* 100 Wn.2d 131, 135–36, 667 P.2d 68 (1983); *State v. Fleming,* 27 Wn. App. 952, 621 P.2d 779 (1980), *review denied,* 95 Wn.2d 1013 (1981)), *review denied,* 115 Wn.2d 1032 (1990).

Although C.'s sister did identify DeBolt in relating C.'s statement, her identification was obviously not called for by the question, no objection was made at trial, and identification was not in issue. Thus, any error would be harmless. *State v. Fleming,* 27 Wn. App. at 958.

As to the other issues raised by DeBolt, we find no abuse of the trial court's discretion. The decision of the trial court is affirmed.

PEKELIS and FORREST, JJ., concur.

---

[1]CrR 2.1(e) provides:

"The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced."