IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29785-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY DWAYNE McCABE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Gary Dwayne McCabe appeals his residential burglary and methamphetamine possession convictions. He contends the trial court erred by declining his requested lesser included offense instruction and insufficient evidence supports the crime date stated in his to-convict instruction. We affirm.

FACTS

On August 12, 2010, Dennis and Bette Miller left their house to get lunch. While the Millers were gone, neighbor Eric Rogers saw a male walk around the side of the house and load wooden boxes into a red Dodge Neon two or three times over the span of about one and a half to two minutes. When the Millers returned, they found someone had broken a rear basement window, entered the house, and removed items including five wooden boxes holding a coin collection worth $27,340. On August 20, 2010, law enforcement stopped and arrested Mr. McCabe in a red Dodge Neon, finding a wooden

box and gold coins on the front passenger seat and a certificate of authenticity for two silver coins in his breast pocket. Law enforcement then impounded the vehicle and executed a search warrant for it five days later, finding methamphetamine and a stolen laptop computer in the back seat area.

The State charged Mr. McCabe with residential burglary, methamphetamine possession, and third degree stolen property possession. The trial court declined his request to instruct the jury on first degree criminal trespass as a lesser included offense of residential burglary. Without objection, the trial court instructed the jury that to convict him of methamphetamine possession, it must find he did so "on or about August 24, 2010." Clerk's Papers (CP) at 124. The jury found Mr. McCabe guilty of residential burglary and methamphetamine possession but acquitted him of third degree stolen property possession. He appealed.

ANALYSIS

A. Lesser Included Offense Instruction

The issue is whether the trial court erred in declining Mr. McCabe's request to instruct the jury on first degree criminal trespass as a lesser included offense of residential burglary. He contends the ruling is erroneous because the court adopted an incorrect view of the facts. We disagree.

Where, as here, the trial court declines to give a requested jury instruction based on its view of the facts, we review the decision for abuse of discretion. *State v. Lucky*, 128 Wn.2d 727, 731, 912 P.2d 483 (1996), *overruled on other grounds by State v. Berlin*, 133 Wn.2d 541, 544, 947 P.2d 700 (1997). A trial court abuses its discretion if

2

its decision is "manifestly unreasonable," based on "untenable grounds," or made for "untenable reasons."[1] *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

A jury cannot convict a defendant of an uncharged offense. CONST. art. I, § 22 (amend. 10); *State v. Ackles*, 8 Wash. 462, 464, 36 P. 597 (1894). But a jury may convict a defendant of a lesser offense necessarily included in a charged offense. RCW 10.61.006; *Beck v. Alabama*, 447 U.S. 625, 634, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980). If an offense is lesser included, the trial court must instruct the jury on it when either party requests. *State v. Workman*, 90 Wn.2d 443, 447, 584 P.2d 382 (1978); *State v. Mak*, 105 Wn.2d 692, 745, 747, 718 P.2d 407 (1986), *overruled on other grounds by State v. Hill*, 123 Wn.2d 641, 870 P.2d 313 (1994). An offense is lesser included if it satisfies a legal prong and a factual prong. *Workman*, 90 Wn.2d at 447-48. Under the legal prong, "each of the elements of the lesser offense must be a necessary element of the offense charged." *Id.* Under the factual prong, "the evidence in the case must support an inference that the lesser crime was committed." *Id.* at 448.

The parties dispute solely the factual prong. A lesser offense satisfies the factual

---

[1] A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices.
*State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (citations omitted) (internal quotation marks omitted).

prong "[i]f the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater." *State v. Warden*, 133 Wn.2d 559, 563, 947 P.2d 708 (1997) (citing *Beck*, 447 U.S. at 635). But the evidence must do more than merely cast doubt on the State's theory regarding the charged offense; instead, the evidence must affirmatively establish the defendant's theory regarding the lesser offense. *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990), *overruled on other grounds by State v. Blair*, 117 Wn.2d 479, 816 P.2d 718 (1991). In other words, "the evidence must raise an inference that *only* the lesser . . . offense was committed to the exclusion of the charged offense." *State v. Fernandez-Medina*, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000). This analysis requires "view[ing] the supporting evidence in the light most favorable to the party that requested the instruction." *Id.* at 455-56.

A person commits residential burglary if he or she "enters or remains unlawfully in a dwelling" and does so "with intent to commit a crime against a person or property therein." RCW 9A.52.025(1). A dwelling is a "building" a person uses or ordinarily uses for lodging. RCW 9A.04.110(7). In this context, the definition of "building" includes a fenced area. RCW 9A.04.110(5). A person commits first degree criminal trespass if he or she "knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1). In this context, the definition of "building" excludes a fenced area. *State v. Brown*, 50 Wn. App. 873, 878, 751 P.2d 331 (1988), *abrogated on other grounds by In re Pers. Restraint of Heidari*, 174 Wn.2d 288, 274 P.3d 366 (2012).

Mr. McCabe argues the evidence shows he committed solely first degree criminal trespass to the exclusion of residential burglary because he merely remained in the

4

fenced area and did not enter the house. But a person cannot commit first degree criminal trespass by merely remaining in a fenced area. *See id.* As the notes and comments to Mr. McCabe's own proposed instructions explain, the definition of "building" for first degree criminal trespass excludes a fenced area. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 60.15 note on use & cmt. at 20, 60.16 note on use & cmt. at 21-22 (3d ed. 2008) (citing *Brown*, 50 Wn. App. 873). Therefore, viewing the evidence in the light most favorable to Mr. McCabe, a jury could not rationally find him guilty of first degree criminal trespass and acquit him of residential burglary. It follows that the trial court did not abuse its discretion in deciding first degree criminal trespass failed the factual prong here. In sum, we conclude the court did not err in declining Mr. McCabe's requested lesser included offense instruction.

### B. Evidence Sufficiency

The issue is whether sufficient evidence supports finding Mr. McCabe possessed methamphetamine "on or about August 24, 2010," the date the trial court included in the to-convict instruction without objection. CP at 124. Mr. McCabe contends no evidence supports this crime date.

Evidence is sufficient to support a guilty finding if, "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). A challenge to evidence

sufficiency "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

The Uniform Controlled Substances Act provides, "It is unlawful for any person to possess a controlled substance . . . ." RCW 69.50.4013(1). While the date is usually not an essential element of a crime, *State v. DeBolt*, 61 Wn. App. 58, 62, 808 P.2d 794 (1991), the State must prove otherwise unnecessary elements where, as here, the trial court includes them in the to-convict instruction without objection, *State v. Hickman*, 135 Wn.2d 97, 102, 954 P.2d 900 (1998); *see also State v. Jensen*, 125 Wn. App. 319, 325-26, 104 P.3d 717 (2005).

The State had to prove Mr. McCabe possessed methamphetamine on or about August 24, 2010. Mr. McCabe does not dispute whether he possessed methamphetamine on August 20, 2010. Viewing the evidence in the light most favorable to the State, a rational jury could find beyond a reasonable doubt that this date was on or about August 24, 2010. *See State v. Hayes*, 81 Wn. App. 425, 432-33, 914 P.2d 788 (1996) (concluding the "on or about" language allows the State to offer evidence the defendant committed the crime anytime within the statute of limitations period where, as here, the date is not an essential element of the crime and the defendant raises no alibi at the trial court).[2]

---

[2] Mr. McCabe argues, for the first time on appeal, his incarceration on August 24, 2010 is an alibi and precludes the State from offering evidence he possessed methamphetamine on August 20, 2010. We reject his argument because he raised no alibi at the trial court and the State consistently maintained he possessed methamphetamine on August 20, 2010. *See* RAP 2.5(a).

Mr. McCabe relies on *State v. Mills*, 80 Wn. App. 231, 907 P.2d 316 (1995) to urge a different result. In *Mills*, law enforcement arrested the defendant for methamphetamine possession, uncovered a motel room key, executed a search warrant for the motel room, and there discovered more methamphetamine with a handgun lying beside it. *Id.* at 233. The trial court convicted the defendant of methamphetamine possession and found he committed the crime while armed with a firearm. *Id.* Division Two of this court reversed the firearm enhancement, concluding the defendant was not armed because the handgun was several miles away at the time of arrest. *Id.* at 237. The court rejected the State's request to uphold the firearm enhancement under the "on or about" language, partly because no evidence showed the defendant, the methamphetamine, and the handgun were ever present in the motel room at the same time. *Id.* at 234.

Our case is unlike *Mills*. Here, Mr. McCabe was driving the vehicle immediately before law enforcement stopped and arrested him on August 20, 2010. Because law enforcement impounded the vehicle, executed a search warrant for it and discovered methamphetamine inside it five days later, a rational jury could reasonably infer the vehicle contained the methamphetamine at the time of arrest. Thus, the evidence shows Mr. McCabe and the methamphetamine were both present in the vehicle at the time of arrest. As noted, the time of arrest was on or about August 24, 2010. In sum, sufficient evidence supports the crime date stated in the to-convict instruction.

7

No. 29785-3-III
*State v. McCabe*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Kulik, J.

Siddoway, A.C.J.