# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50299-2-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| KENNETH CHANCE BROOKS, | |
| Appellant. | |

SUTTON, J. — Kenneth Chance Brooks appeals his conviction for third degree child molestation. He contends that the trial court abused its discretion when it granted the State's motion to amend the molestation charge after the defense rested, prejudicing his right to be adequately informed of the charges against him, to adequately prepare a defense, and to choose whether or not to testify. The State claims that Brooks did not preserve the issue for appeal. We hold that his objection was sufficient to preserve the issue for appeal and we address the issue on the merits. Because Brooks fails to show actual prejudice from the amendment, we hold that, under the unique facts of this case, the trial court did not abuse its discretion in granting the State's motion to amend the information. We affirm Brooks's conviction.

## FACTS

On February 22, 2016, the State charged Brooks with third degree rape of a child[1] and third degree child molestation. The initial information alleged that the third degree rape of a child,

---

[1] Although Brooks was also convicted of third degree rape of a child, he does not challenge that conviction.

C.H.,[2] occurred "on or about [August 17, 2014]," and the third degree child molestation occurred "on or about or between [January 1, 2014] and [January 31, 2014]." Clerks Papers (CP) at 1.

On the first day of trial, C.H. testified about the incidents. She was 15 years old when they occurred. She stated that Brooks was a family friend, he was eight years older than her, and he came to visit her family in January of 2014. C.H. testified that, while they were cuddling on the couch, Brooks reached under her shirt and rubbed her breast. She testified that in the early hours of August 17, 2014, he had intercourse with her while she was too drunk to consent or resist. Defense counsel specifically cross-examined C.H. on the timeline of the rape and the molestation charges. She again testified that Brooks molested her in January of 2014.

On the second day of trial, Brooks testified and admitted that he had touched C.H. inappropriately in May of 2014. He testified that he did not touch C.H. inappropriately during January of 2014 and stated, "May was the first and only time," based on a text message he had sent to her apologizing. Verbatim Report of Proceedings (VRP) (Feb. 23, 2017) at 57. Brooks testified that he was unaware if he was in the state of Washington at all in January of 2014.

After both parties rested, the State moved to amend the information. The State sought to amend the date range for the third degree child molestation charge from "on or about or between [January 1, 2014], and [January 31, 2014]," to "on or about or between [January 1, 2014], and [May 31, 2014]," because "[t]he Defendant testified that the incident occurred in May, or he believed it to be in May." VRP (Feb. 23, 2017) at 85.

---

[2] The child victim is referred to by her initials to protect her privacy. *See* Gen. Order 2011-1 of Division II, In re the Use of Initials or Pseudonyms for Child Witnesses in Sex Crime Cases (Wash. Ct. App.).

Brooks objected twice to the information being amended with the altered dates, but did not state a specific basis for his objections or request a trial continuance. The trial court ruled that the amendment was proper "[g]iven the state of the case law and when the claim of the date came up," granted the motion to amend the charging period for the third degree child molestation charge, and adjusted the date range in the jury instructions accordingly. VRP (Feb. 23, 2017) at 88.

During closing argument, defense counsel agreed that the State had proven the molestation charge beyond a reasonable doubt, but argued that Brooks admitted to the crime and apologized to C.H. Defense counsel then contrasted Brooks's admission that he molested C.H. with his denial that he had sexual intercourse with C.H. to argue that the State had not proven the rape charge beyond a reasonable doubt.

A jury found Brooks guilty of both third degree child molestation and third degree rape of a child. The sentencing court calculated his offender score for the crime of child molestation as four, counting one point for two prior felony convictions and three points for the third degree child molestation crime. Brooks appeals.

ANALYSIS

Brooks argues that the trial court abused its discretion when it granted the State's motion to amend the molestation charge after the defense rested because it caused him great prejudice. He asks this court to reverse the molestation conviction and remand for resentencing with a corrected offender score. The State argues that (1) Brooks failed to preserve the issue, (2) the issue is not a manifest constitutional error, (3) Brooks was not prejudiced, and (4) the trial court did not abuse its discretion in allowing the amendment. We hold that Brooks properly preserved the issue

for appeal and that, under the unique facts of this case, the trial court did not abuse its discretion in allowing the amendment of the molestation charge.

## I. LEGAL PRINCIPLES

We review a trial court's ruling to grant the State's motion to amend charges for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 130, 285 P.3d 27 (2012). "A trial court abuses its discretion if its decision 'is manifestly unreasonable or based upon untenable grounds or reasons.'" *Lamb*, 175 Wn.2d at 127 (quoting *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)). "A court's decision 'is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.'" *Lamb*, 175 Wn.2d at 127 (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)). "'A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard.'" *Lamb*, 175 Wn.2d at 127 (quoting *Littlefield*, 133 Wn.2d at 47).

Absent the presentation of an alibi defense or a showing of other substantial prejudice to the defendant, an "amendment of the date [on the charging document] is a matter of form rather than substance, and should be allowed." *State v. DeBolt*, 61 Wn. App. 58, 62, 808 P.2d 794 (1991). "The defendant has the burden of showing prejudice." *State v. Statler*, 160 Wn. App. 622, 640, 248 P.3d 165 (2011). Failure to request a continuance after an information has been amended has been found to be "persuasive of a lack of surprise and prejudice." *Brown*, 74 Wn.2d 799, 801, 447 P.2d 82 (1968).

## II. PRESERVATION OF ISSUE FOR APPEAL

As an initial matter, the State argues that Brooks failed to properly preserve this issue for appeal because he objected below without stating a specific basis and now claims that the

amendment precluded him from adequately asserting a defense. The State also argues that Brooks does not raise a manifest error affecting a constitutional right under RAP 2.5(a)(3)[3] and thus, he waived this issue on appeal. In his reply brief, Brooks first argues that his general objection below was sufficient to preserve the issue. Brooks also argues, alternatively, that the error is a manifest error affecting a constitutional right. We hold that Brooks sufficiently objected below and thus, he properly preserved the issue for review.

Our Supreme Court has held that "to preserve error for consideration on appeal, the general rule is that the alleged error must be called to the trial court's attention at a time that will afford the court an opportunity to correct it." *State v. Wicke*, 91 Wn.2d 638, 642, 591 P.2d 452 (1979). Here, Brooks objected twice to the State's motion to amend, but did not cite a specific basis. Regardless, by making the objection, defense counsel brought the potential error to the trial court's attention and provided the court with the opportunity to resolve it. Thus, we hold that Brooks preserved the issue for appeal and we consider the issue on the merits.

### III. AMENDMENT OF INFORMATION

Brooks argues that the trial court abused its discretion when it permitted the State to amend the information for the molestation charge after the defense rested its case and the State declined to present any rebuttal testimony. He claims that the late amendment of the information prejudiced his right to (1) know the charges against him, (2) have an opportunity to assert an alibi defense,

---

[3] RAP 2.5 (a)(3) provides that "[t]he appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court . . . [a] manifest error affecting a constitutional right."

and (3) decide whether to testify or to remain silent. Brooks contends that the late amendment is per se prejudicial and reversible error under *State v. Pelkey*, 109 Wn.2d 484, 745 P.2d 854 (1987).

The State argues that (1) the date amendment is not a material element of the charge for a sex crime, (2) Brooks does not have a due process right to an opportunity to assert an alibi defense, (3) Brooks did not assert a true alibi defense here, (4) Brooks was able to present a defense, and (5) amending the date is a matter of form rather than substance. The State also argues that, because he admitted to the molestation of C.H. in May, the jury would have convicted him based on the "on or about" language in the original charge and thus, he fails to show prejudice. Br. of Resp. at 18. We agree with the State and hold that, under the unique facts of this case, the trial court did not abuse its discretion in allowing the State to amend the molestation charge.

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, the State must allege in the charging document all essential elements of a crime to inform a defendant of the charges against him and to allow for preparation of his defense. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Mason*, 170 Wn. App. 375, 378, 285 P.3d 154 (2012). "A charging document is constitutionally sufficient if the information states each essential element of the crime . . . even if it is vague as to some other matter significant to the defense." *Mason*, 170 Wn. App. at 378-79. Brooks does not claim that the charging document was constitutionally deficient here.

An information may "be amended at any time before verdict or finding if [the] substantial rights of the defendant are not prejudiced." CrR 2.1(d). In general, a criminal charge may not be amended after the State has rested its case-in-chief unless the amendment is to a lesser degree of the same change or a lesser included offense. *Pelkey*, 109 Wn.2d at 491. In *Pelkey*, our Supreme

Court "adopted a per se rule limiting the ability to amend an information once the State has rested its case 'unless the amendment is to a lesser degree of the same charge or a lesser included offense.'" *State v. Schaffer,* 120 Wn.2d 616, 620, 845 P.2d 281 (1993) (quoting *Pelkey*, 109 Wn.2d at 491). "Any greater amendment 'necessarily prejudices' the defendant's rights under the state constitution." *Schaffer*, 120 Wn.2d at 620 (quoting *Pelkey*, 109 Wn.2d at 491).

But this per se prejudice rule does not apply to an amendment of a date if the date is not a material element of the criminal charge. *See DeBolt*, 61 Wn. App. at 61-62. In cases where the per se prejudice rule in *Pelkey* does not apply, the defendant has the burden of demonstrating prejudice under CrR 2.1(d). *State v. Ziegler*, 138 Wn. App. 804, 809, 158 P.3d 647(2007).

A.    AMENDMENT OF CHARGE – PER SE PREJUDICE RULE

Brooks argues that the date amendment of the charge after the defense had rested its case is per se prejudicial and reversible error under *Pelkey,* and that he is not required to show prejudice. The State argues that the *Pelkey* rule of per se prejudice does not apply here and Brooks fails to show prejudice by the amendment. We agree with the State.

*Pelkey* is distinguishable. There, the trial court permitted the State to amend the charging documents to include a charge that was not a lesser included offense of the original charge. *Pelkey*, 109 Wn.2d at 489-90. Additionally, the amended charge included a material element that was not included in the original charge. *Pelkey*, 109 Wn.2d at 490. On appeal, the court held that the amendment was per se prejudicial. *Pelkey*, 109 Wn.2d at 491.

Here, unlike in *Pelkey*, the date amendment was not a material element of the original charge and all material elements were included in the original molestation charge. Thus, we hold

that the per se prejudice rule in *Pelkey* does not apply and Brooks is required to show prejudice under CrR 2.1(d).

B.       PROPER NOTICE

Brooks argues that the late amendment prejudiced him because it did not provide him adequate notice of the charges at trial or allow him to prepare a defense.  The State argues that Brooks's defense was not affected by the change in dates for the molestation charge and all material elements were alleged in the original charge; thus, he received proper notice of the charge. We agree with the State.

Brooks argues that when the amendment occurs in a jury trial after the parties have rested their cases, the defendant is prohibited from adequately exercising his right to defend himself, characterizing his defense as an alibi defense.  Brooks claims that the initial charging document had a different date, "on or about or between [January 1, 2014], and [January 31, 2014]," compared to the amended date, "on or about or between [January 1, 2014], and [May 31, 2014]."  Br. of App. at 7-8; CP at 1, 8.

Here, the amendment changed only a date range in the third degree child molestation charge.  The original information for the third degree molestation charge stated,

> The defendant, in the County of Cowlitz, State of Washington, ***on or about or between 01/01/2014 and 01/31/2014***, being at least forty-eight months older than Jane Doe, D.O.B. 11/4/1998, did engage in sexual contact with Jane Doe, a person who was at least fourteen years of age but less than sixteen years of age, and not married to the defendant, contrary to RCW 9A.44.089 and against the peace and dignity of the State of Washington.

CP at 1 (emphasis added).

The amended information for the third degree molestation charge stated,

> The defendant, in the County of Cowlitz, State of Washington, ***on or about or between 01/01/2014 and 05/31/2014***, being at least forty-eight months older than Jane Doe, D.O.B. 11/4/1998, did engage in sexual contact with Jane Doe, a person who was at least fourteen years of age but less than sixteen years of age, and not married to the defendant, contrary to RCW 9A.44.089 and against the peace and dignity of the State of Washington.

CP at 8 (emphasis added). The amended charging documents did not charge a different or greater crime, nor did it change or add an essential element of the crime.

Brooks also cites *Schaffer* to argue that an amendment midway through trial prevents a defendant from being informed of the charges against him and, as such, the amendment is prejudicial. But *Schaffe*r is distinguishable from this case because here the only change was to the date range of the molestation charge. Further, *Schaffer* explains that impermissible prejudice is "less likely 'where the amendment merely specif[ies] a different manner of committing the crime originally charged.'" *Schaffer*, 120 Wn.2d at 621 (alteration in original, internal citation omitted) (quoting *Pelkey*, 109 Wn.2d at 490-91). Here, the amendment alleged a different date period for the crime than originally charged, and the amendment did not charge a different or greater crime, nor did it change or add a material or essential element to the initial charge.

Amendment of the charging period is usually not a material element of a crime and thus, an "'amendment of the date is a matter of form rather than substance, and should be allowed absent an alibi defense or a showing of other substantial prejudice to the defendant.'" *State v. Goss*, 189 Wn. App. 571, 576, 358 P.3d 436 (2015) (quoting *DeBolt*, 61 Wn. App. at 62). In *Goss*, the amendment did not charge any new offenses or add any additional counts but merely enlarged the

9

time frame within which the crime was committed to conform to the victim's testimony. *Goss*, 189 Wn.2d at 576.

Like in *Goss*, the amendment here to alter the dates was not a material element of the crime charged. *Goss*, 189 Wn. App. at 576-77. Similarly, as in *DeBolt*, the precise date of the child molestation was not a critical element of the original information. *DeBolt*, 61 Wn. App. at 61-62.

Because the amended charge did not alter a material element of the molestation charge, we hold that Brooks had proper notice of the charge and an adequate ability to prepare a defense.

C.   PREJUDICE

Brooks next claims that the amended information prejudiced him by impacting his ability to determine whether to testify. The State does not directly address this issue but argues that the "on or about" language in the original charge would have permitted the jury to find him guilty based on his admission that he molested C.H. in May and thus, he fails to show prejudice. We hold that Brooks fails to show prejudice.

"The defendant has the burden of showing prejudice." *Statler*, 160 Wn. App. at 640. Failure to request a continuance after an information has been amended has been found to be "persuasive of a lack of surprise and prejudice." *Brown*, 74 Wn.2d at 801.

Here, although Brook claims that the amendment prevented him from deciding whether to testify, as discussed above, he was able to prepare an adequate defense and address the difference in dates of the molestation charge when he cross-examined C.H. about the incident. Further, he was not convicted of a different crime than the one charged, and he admitted touching C.H. in May of 2014. Nor does Brooks adequately explain how the date amendment prevented him from

determining whether he should testify. He also failed to request a trial continuance after the court granted the State's motion to amend.

## CONCLUSION

Because Brooks fails to demonstrate actual prejudice from the amendment, we hold that, under the unique facts of this case, the trial court did not abuse its discretion in granting the State's motion to amend the information. Accordingly, we affirm Brooks's conviction for third degree child molestation.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

LEE, J.