[No. 20830–6–I. Division One. January 9, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES SAMUEL DODD, *Appellant*.

---

[2]Judge Ward Williams prepared and signed this opinion prior to his retirement on January 8, 1989.

*John Christiansen* and *Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Mark Larson, Deputy,* for respondent.

WINSOR, J.—James Dodd appeals from a judgment and sentence on two counts of statutory rape in the third degree. Dodd, a 20–year–old, had been charged with two counts of statutory rape in the second degree. We affirm.

The facts admitted, or found by the jury, are that Dodd had consensual intercourse with the victim, S., two times in December 1986. At that time, Dodd reasonably believed misrepresentations by S. that she was between 14 and 16 years of age. In fact, S. was only 13 years old in December of 1986.

The jury was instructed that it could convict Dodd of second degree statutory rape, or of the lesser included offense of third degree statutory rape. It was also instructed that:

> It is . . . a defense to the charge of statutory rape in the second degree that at the time of the offense the defendant reasonably believed [S.] to be older than thirteen based upon declarations as to age by [S.]

The jury found Dodd guilty of two counts of third degree statutory rape. Dodd moved for an arrest of judgment on the ground that the verdict was contrary to the evidence. The trial court denied Dodd's motion and imposed a below standard range sentence. Dodd appeals, contending that

the trial court erred in instructing the jury that third degree statutory rape is a lesser included offense of second degree statutory rape, and that his conviction is contrary to the evidence because S. was in fact 13 when the acts at issue occurred.

Statutory rape in the second degree is committed when one over 16 years of age has sexual intercourse with a person who is 11 years of age or older, but is less than 14 years old. Former RCW 9A.44.080. Statutory rape in the third degree is committed when one over the age of 18 has sexual intercourse with one who is 14 years of age or older, but is less than 16. Former RCW 9A.44.090. It is a defense to either of these offenses "that at the time of the offense the defendant reasonably believed the alleged victim to be older based upon declarations as to age by the alleged victim." Former RCW 9A.44.030(2).

Dodd contends the evidence is insufficient to support his convictions. He argues that there was no evidence from which the jury could have reasonably found an essential element of third degree statutory rape, namely, that S. was between the ages of 14 and 16 when the charged acts of intercourse occurred. As the trial court aptly observed, however,

> [a] person has intercourse with a child thirteen years old, who the jury believed the defendant reasonably believed was fourteen or fifteen. There is still nothing in the law that suggests that that is a legal act. That may be a defense to statutory rape in the second degree. That doesn't make it legal.

█ The trial court's approach is correct. A statutory rape defendant's reasonable mistake as to the victim's age is not a complete defense, if the defendant believed the victim was less than 16 at the time the crime was committed. *See* RCW 9A.44.030(2). Thus, the Alaska Supreme Court opined in a case like the instant case:

> While it is true that . . . a mistake of fact does not serve as a complete defense, we believe that it should serve to

reduce the offense to that which the offender would have been guilty of had he not been mistaken. . . . Thus, if an accused had a reasonable belief that the person with whom he had sexual intercourse was sixteen years of age or older, he may not be convicted of statutory rape. If, however, he did not have a reasonable belief that the victim was eighteen years of age or older, he may still be criminally liable for contribution to the delinquency of a minor.

(Footnotes and citations omitted.) *State v. Guest,* 583 P.2d 836, 839 (Alaska 1978). Similarly, the authors of the Model Penal Code reason that when a defendant believes he or she is committing a different offense from that actually being committed:

If the defense [of mistake] were denied altogether, an actor culpable in respect to one offense could be convicted of a much more serious offense. On the other hand, the defendant should not go free, for on either view—the facts as they occurred or as the defendant believed them to be—a criminal offense was committed.

Model Penal Code and Commentaries § 2.04, at 272 (1985).

█ Nor are we persuaded by Dodd's legal argument that his conviction must be reversed because third degree statutory rape cannot be a lesser included offense to second degree statutory rape. This argument overlooks the rule that a defendant may be convicted of an offense that is a crime of an inferior degree to the one charged, RCW 10.61-.003, provided the statutes at issue "proscribe but one offense." *State v. Foster,* 91 Wn.2d 466, 471–72, 589 P.2d 789 (1979) (upholding constitutionality of RCW 10.61.003). We hold that third degree statutory rape is a crime of inferior degree to second degree statutory rape, as each proscribes but one offense, that of sexual intercourse with one too immature to rationally or legally consent to the act. *See* 3 C. Torcia, *Wharton on Criminal Law* § 291 (14th ed. 1980); 65 Am. Jur. 2d *Rape* § 15 (1972).

The judgment and sentence are affirmed.

GROSSE, A.C.J., and SCHOLFIELD, J., concur.