118 P.3d 885 (2005)
STATE of Washington, Respondent,
v.
Zachary E. TINKER, Petitioner.
No. 75728-3.
Supreme Court of Washington, En Banc.
Argued May 24, 2005.
Decided September 1, 2005.
Dana M. Lind, Nielsen Broman & Koch PLLC, Seattle, WA, for Petitioner.
Amy R. Holt, King County Prosecutor's Office, Seattle, WA, for Respondent.
SANDERS, J.
¶ 1 Zachary E. Tinker challenges the information which charged him with third degree theft but did not specify the value of property allegedly stolen. He contends that the value of the property was an essential element of the crime that had to be included in the information. We disagree and affirm his conviction.

FACTS AND PROCEDURAL HISTORY
¶ 2 Zachary Tinker allegedly shoplifted a pair of snowboarding pants valued at $100 from a sporting goods store in Woodinville. Tinker was charged with third degree theft in King County Superior Court's Juvenile Division. The information stated:
¶ 3 The crime of Theft in the Third Degree, committed as follows:
That the respondent ZACHARY E. TINKER in King County, Washington, on or *886 about 17 December 2002, with intent to deprive another of property, to-wit: merchandise, did wrongfully obtain such property belonging to Play It Again Sports; contrary to RCW 9A.56.050 and 9A.56.020(1)(a)....
Clerk's Papers at 1.
¶ 4 During closing argument of Tinker's fact finding hearing, his counsel challenged the information. Tinker argued that the information had to include the value of the property allegedly stolen. The court denied the motion to dismiss and found Tinker guilty of third degree theft. The Court of Appeals upheld Tinker's conviction.

ANALYSIS
¶ 5 Tinker argues the value of property taken is an essential element of the crime of third degree theft and, thus, must be included in the charging document. "All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him." State v. Kjorsvik, 117 Wash.2d 93, 97, 812 P.2d 86 (1991). An "essential element is one whose specification is necessary to establish the very illegality of the behavior," State v. Johnson, 119 Wash.2d 143, 147, 829 P.2d 1078 (1992), but the charging document need not repeat the exact language of the statute. State v. Leach, 113 Wash.2d 679, 686, 782 P.2d 552 (1989). Where the defendant challenges the information prior to verdict, the language of the charging document is strictly construed to determine whether all elements are included, and the defendant need not show he was prejudiced by the defect. Johnson, 119 Wash.2d at 149-50, 829 P.2d 1078.
¶ 6 The legislature defines the elements of a crime. State v. Wadsworth, 139 Wash.2d 724, 734, 991 P.2d 80 (2000). Therefore, we first turn to the statutes defining the crime to determine the essential elements. The third degree theft statute states, in relevant part:
A person is guilty of theft in the third degree if he or she commits theft of property or services which (a) does not exceed two hundred and fifty dollars in value....
RCW 9A.56.050(1).
¶ 7 Under the definitions sections of the theft statute, value is defined as:
(a) "Value" means the market value of the property or services at the time and in the approximate area of the criminal act.
....
(e) Property or services having value that cannot be ascertained pursuant to the standards set forth above shall be deemed to be of a value not exceeding two hundred and fifty dollars;
RCW 9A.56.010(18)(a), (e).
¶ 8 The plain language of the theft statutes compels the conclusion that value is not an essential element of third degree theft. The definition of value presumes that items for which a value cannot be ascertained have some value, albeit a value that does not exceed $250. Tinker has not challenged the value definition statute on any ground.
¶ 9 Given that all items and services have presumed value, and thus there can be no defense that items were valueless, the third degree theft statute covers all items with a value less than $250. Value is an essential element of higher degree theft statutes because the statutes themselves have a minimum value threshold: $250 dollars for second degree theft (RCW 9A.56.040) and $1,500 dollars for first degree theft (RCW 9A.56.030). The possibility that stolen property had value less than these thresholds makes value an essential element of these crimes, since the "specification is necessary to establish the very illegality of the behavior." Johnson, 119 Wash.2d at 147, 829 P.2d 1078. Since all items have some value under the statutory definition of value, which Tinker has not challenged, there is no threshold specification necessary to establish the very illegality of the behavior. The act of taking any item constitutes at least third degree theft.
¶ 10 This analysis is supported by State v. Rogers, 30 Wash.App. 653, 638 P.2d 89 (1981). There the court examined the crime of second degree possession of stolen property committed by possessing a vehicle worth *887 less than $1500.[1] The Court of Appeals stated, "[t]he State must present evidence of fair market value only when the State seeks to convict a defendant of an offense relating to property having a value greater than a specific amount." Id. at 655, 638 P.2d 89 (emphasis omitted).[2]
¶ 11 Tinker cites State v. Moavenzadeh, 135 Wash.2d 359, 956 P.2d 1097 (1998), a per curiam opinion of this court, that examined an information charging the defendant "`did commit Theft in the Second [or Third] Degree of property belonging to' a particular owner." Id. at 361, 956 P.2d 1097 (alteration in original) (quoting Clerk's Papers). The entirety of our analysis of the charging document in that case was:
As for the second and third degree theft counts, the term "theft" is arguably adequate to convey an intentional, wrongful taking of the property of another. But the property value elements of these crimes do not appear in any form in the information. Those charges are therefore constitutionally defective even assuming the "intent to deprive" element was adequately charged.
Id. at 364, 956 P.2d 1097.
¶ 12 In Moavenzadeh the defendant faced three counts of third degree theft and three counts of second degree theft. But there was no way for the defendant to distinguish which property was alleged to have constituted second degree theft and which third degree theft, since there was no allegation as to the value of the property stolen. Since the specification of those items alleged to have had a value over $250 was "necessary to establish the very illegality of" the second degree thefts, failure to include value in the second degree theft charges failed to apprise the defendant of an essential element. Moavenzadeh's limited analysis should not be read to require value to be charged as an element of third degree theft, and such a reading would conflict with the plain language of the theft statutes.[3]
¶ 13 The State addresses an entire section of its brief to argue value under $250 is not an element of third degree theft. See Supp. Br. of Resp't at 8-19. However, we do not believe that the petitioner's brief can fairly be read to argue that a value ceiling must be charged. Certainly the petitioner cited no precedent supporting that position, and, as noted by the State, it would appear to conflict with abundant case law regarding degrees of theft as lesser included offenses, as well as case law rejecting charging requirements that could put a defendant in the "awkward position" of arguing that his conduct amounted to a higher degree of the crime than that charged. See State v. Ward, 148 Wash.2d 803, 812-13, 64 P.3d 640 (2003); see also, e.g., State v. Ellard, 46 Wash.App. 242, 730 P.2d 109 (1986) (remanding for resentencing for third degree theft when state produced insufficient evidence that the value *888 of the property taken was over $250). "Without adequate, cogent argument and briefing, this court should not consider an issue on appeal." Schmidt v. Cornerstone Invs., Inc., 115 Wash.2d 148, 160, 795 P.2d 1143 (1990) (citing Saunders v. Lloyd's of London, 113 Wash.2d 330, 345, 779 P.2d 249 (1989)).

CONCLUSION
¶ 14 Value is not an element of third degree theft. Thus, we affirm Tinker's conviction.
ALEXANDER, C.J., C. JOHNSON, MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST and J.M. JOHNSON, JJ., concur.
NOTES
[1] RCW 9A.56.160 provides:

(1) A person is guilty of possessing stolen property in the second degree if:
....
(d) He possesses a stolen motor vehicle of a value less than one thousand five hundred dollars;
[2] This analysis is also supported by a comment from this court in State v. Rhinehart, 92 Wash.2d 923, 602 P.2d 1188 (1979). Though the issue before the court there was different, the court noted in passing that "[n]o proof of value is necessary for conviction of possession of stolen property in the third degree. RCW 9A.56.170(1)." Id. at 926, 602 P.2d 1188. The third degree possession of stolen property statute tracks the third degree theft statute in stating that "[a] person is guilty ... if he or she possesses (a) stolen property which does not exceed two hundred fifty dollars in value." RCW 9A.56.170(1).
[3] Moavenzadeh and Tinker both cite State v. Campbell, 125 Wash.2d 797, 804-05, 888 P.2d 1185 (1995), and State v. Delcambre, 116 Wash.2d 444, 805 P.2d 233 (1991) as support. These cases held informations charging welfare fraud invalid because the informations omitted a value element. But the rationale for those holdings was that the welfare fraud statute implicitly incorporates the degree structure of the theft statutes, and therefore value is required in order to prove the degree. See Campbell, 125 Wash.2d at 804, 888 P.2d 1185. This tracks the identical problem in Moavenzadeh, since merely charging welfare fraud fails to apprise the defendant of the degree of theft incorporated into the charge, just as failing to include value when charging multiple degrees of theft fails to apprise the defendant of which conduct violated which theft statute. Campbell and its precursor Delcambre provide no guidance on whether value is an essential element of third degree theft.