[No. 33961-7-II.   Division Two.   May 22, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. DWIGHT C. FEESER, *Appellant*.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*H. Steward Menefee, Prosecuting Attorney*, for respondent.

¶1   HUNT, J. — Dwight C. Feeser appeals his conviction and sentence for second degree murder while armed with a deadly weapon. He argues that (1) the information was insufficient, (2) the instructions improperly relieved the State of its burden of proof because they failed to require the jury to find absence of premeditation as an element of second degree murder, (3) the felony murder statute unconstitutionally violates the separation of powers doctrine because it leaves the courts to provide a definition for the underlying felony "assault," and (4) the sentencing court should not have used an offender score of 1, based on his 1997 prior felony conviction, because the record does not include his post-1997 misdemeanors, which the State contends prevented this conviction from "washing out" under RCW 9.94A.525(2). We affirm Feeser's conviction and, based on *Cadwallader*,[1] vacate his sentence and remand for resentencing.

## FACTS

¶2   On May 5, 2005, Dwight Cletus Feeser shot and killed his friend Brian Sheets during an argument. The shooting occurred at the home of Michael Feeser, Dwight Feeser's nephew, where both Dwight Feeser and Sheets resided.

¶3   The State charged Feeser with second degree murder by intentional killing or, in the alternative, second degree felony murder in furtherance of second degree assault. Feeser did not challenge the sufficiency of the information below. At trial, Feeser asserted self-defense.

¶4   The trial court gave the jury alternative "to convict" instructions for second degree murder: intentional killing and felony murder by causing death in furtherance of

---

[1] *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 123 P.3d 456 (2005).

second degree assault. Feeser did not challenge these instructions. The jury found Feeser guilty of second degree murder.

¶5 At sentencing, the trial court noted that Feeser had four prior felony convictions: (1) unlawful taking of a motor vehicle in 1969, (2) unlawful taking of a motor vehicle in 1974, (3) grand larceny in 1977, and (4) unlawful possession of a firearm in the second degree in 1997.[2] The State conceded that the 1974 unlawful-motor-vehicle-taking conviction and 1977 grand larceny conviction[3] "washed out" under RCW 9.94A.525. The State asserted, and Feeser did not object or request further proof, that Feeser's 1997 firearm possession did not wash out. Both Feeser and the State determined the same standard range sentence, 134-234 months, which the State, at least, had derived from an offender score of 1 based on Feeser's 1997 conviction.

¶6 Based on this same 1997 felony, the trial court also calculated an offender score of 1, which yielded the same standard sentencing range. The trial court sentenced Feeser to 234 months' confinement for his second degree murder conviction, with an additional 60-month firearm enhancement.

¶7 Feeser appeals his conviction and sentence.

## ANALYSIS

### "Without Premeditation" Not an Element of Second Degree Murder

¶8 This case involves an issue of first impression. Feeser challenges the sufficiency of the information and the jury

---

[2] In its brief of respondent, the State notes and attaches copies of Feeser's two prior misdemeanor convictions, which occurred within five years of his 1997 firearm conviction and, therefore, served as the basis for the State's unchallenged assertion that Feeser's 1997 firearm conviction did not wash out under RCW 9.94A.525(2). These misdemeanor convictions, however, are not part of the record on appeal; nor, apparently, were they part of the record in the trial court.

[3] Although not expressly mentioned in the record, the parties presumed that the 1977 grand larceny "washed out" because Feeser committed no crimes during the five years after that conviction. See the judgment and sentence, which does not note whether the 1977 conviction "washed out."

instructions. He argues that "without premeditation" is an element of second degree murder by intentional killing. The State counters that "without premeditation" is not an element of this crime under RCW 9A.32.050(1)(a). We agree with the State.

## A. Standard of Review

¶9 A charging document must allege each essential element of the crime to notify the accused of the nature of the allegation so that he can properly prepare a defense. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 102, 812 P.2d 86 (1991); *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989). If the charging document fails to allege each element, the trial court must dismiss without prejudice. *State v. Vangerpen*, 125 Wn.2d 782, 790 n.16, 888 P.2d 1177 (1995). Under *Kjorsvik*, our standard of review depends on when the defendant challenges the sufficiency of the information. If, as here, the defendant raises the challenge for the first time on appeal, we construe the charging document broadly. *Kjorsvik*, 117 Wn.2d at 97.

¶10 A similar strict principle applies to fatally defective jury instructions: To obtain and to sustain a conviction, the State must prove every essential element of a crime beyond a reasonable doubt. *State v. Cronin*, 142 Wn.2d 568, 580, 14 P.3d 752 (2000). "[A] conviction cannot stand if the jury was instructed in a manner that would relieve the State of this burden." *Id.*

¶11 Whether second degree murder by intentional killing, RCW 9A.32.050(1)(a), includes the absence of premeditation as an essential element requires us to engage in statutory construction. Thus, we review the trial court's decision de novo. *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998).

## B. "Without Premeditation"

¶12 RCW 9A.32.050(1)(a) provides: "A person is guilty of murder in the second degree when . . . [w]ith intent to cause death of another person but *without premeditation*, he or

she causes the death of such person or of a third person." (Emphasis added.) Thus, premeditation is the element that distinguishes first degree murder, RCW 9A.32.030,[4] from intentional second degree murder, RCW 9A.32.050(1)(a).[5] *State v. Brooks*, 97 Wn.2d 873, 876, 651 P.2d 217 (1982) (citing *State v. Shirley*, 60 Wn.2d 277, 278, 373 P.2d 777 (1962)); *State v. Rutten*, 13 Wash. 203, 212, 43 P. 30 (1895).

¶13 But contrary to Feeser's argument, lack of premeditation is not an additional element that the State must demonstrate in order to prove second degree murder beyond a reasonable doubt. Although no Washington appellate court has specifically considered Feeser's argument, Washington's body of homicide, and other felony, case law is instructive.

---

[4] RCW 9A.32.030 defines first degree murder as follows:

(1) A person is guilty of murder in the first degree when:
    (a) With a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person; or
    (b) Under circumstances manifesting an extreme indifference to human life, he or she engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person; or
    (c) He or she commits or attempts to commit the crime of either (1) robbery in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first or second degree, or (5) kidnapping in the first or second degree, and in the course of or in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants: Except that in any prosecution under this subdivision (1)(c) in which the defendant was not the only participant in the underlying crime, if established by the defendant by a preponderance of the evidence, it is a defense that the defendant:
        (i) Did not commit the homicidal act or in any way solicit, request, command, importune, cause, or aid the commission thereof; and
        (ii) Was not armed with a deadly weapon, or any instrument, article, or substance readily capable of causing death or serious physical injury; and
        (iii) Had no reasonable grounds to believe that any other participant was armed with such a weapon, instrument, article, or substance; and
        (iv) Had no reasonable grounds to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.
    (2) Murder in the first degree is a class A felony.

[5] For over 30 years, the Washington statute criminalizing second degree murder has included the words "but without premeditation" to differentiate second degree murder from first degree murder. *See* former RCW 9.48.040 (1974); former RCW 9A.32.050 (1988); former RCW 9A.32.050 (2006). But Washington courts have never held that lack of premeditation is an element of second degree murder.

¶14 Recently, our Supreme Court addressed an analogous issue in *State v. Tinker*, 155 Wn.2d 219, 118 P.3d 885 (2005). Tinker alleged that the third degree theft statute required the State to prove the value of the property taken as an essential element of the crime. *Id.* at 220. Considering the plain language of the statute as a whole, the court reasoned that (1) property value was not necessary to establish the illegality of the theft behavior, *id.* at 221-22; (2) the property's value serves simply to distinguish among the several degrees of theft; and (3) therefore, the value of the stolen property is not part of the criminal behavior that is the essence of theft. *Id.* at 222.

¶15 Similarly, in *State v. Ward*, 148 Wn.2d 803, 806, 64 P.3d 640 (2003), our Supreme Court rejected defense arguments that the State must prove that the predicate assault in a felony violation of a no contact order "does not amount to assault in the first or second degree."[6] The court recognized the language "does not amount to" as the legislature's mechanism for elevating no-contact-order violations from a misdemeanor to a felony when the violator also assaults the victim. *Id.* at 812.

■ ■ ¶16 An "essential element is one whose specification is necessary to establish the very illegality of the behavior" charged. *State v. Johnson*, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992). The language of RCW 9A.32.050(1)(a) provides that "[a] person is guilty of murder in the second degree when . . . [w]ith the intent to cause the death of another person but without premeditation, he or she causes the death of such person or of a third person." Both first and second degree murder contain an essential element of intent, although the type of intent varies with the degree of

---

[6] The court held that the statutory provision defining the crime as involving an assault other than first or second degree assault

is not an essential element of felony violation of a no-contact order. The State is required to prove that the predicate assault "does not amount to assault in the first or second degree" *only* when the State additionally charges the defendant with first or second degree assault.

*Ward*, 148 Wn.2d at 806 (emphasis added). Such is not the case here.

murder charged. As with the various degrees of theft in *Tinker* and the elevation of a no contact order from misdemeanor to felony in *Ward*, RCW 9A.32.050(1)(a)'s language "but without premeditation" similarly serves to distinguish second degree murder from first degree murder, which contains an essential element of premeditation, an element that second degree murder does not include.

¶17 We hold, therefore, that "but without premeditation" does not function as an essential element of second degree murder under RCW 9A.32.050(1)(a). Rather, it serves merely to distinguish second degree murder from first degree murder, which requires a showing of premeditation. Therefore, the State need not prove the absence of premeditation in order to prove second degree murder beyond a reasonable doubt under RCW 9A.32.050(1)(a).

¶18 Accordingly, we find no error in the information's "failure" to allege that Feeser acted "without premeditation" and in the to-convict jury instruction's "failure" to include as an element of second degree murder that Feeser acted "without premeditation." We affirm.

¶19 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG and PENOYAR, JJ., concur.

Review denied at 163 Wn.2d 1007 (2008).