160 P.3d 1106 (2007)
STATE of Washington, Respondent,
v.
Edwin R. BLATT, Appellant.
No. 34796-2-II.
Court of Appeals of Washington, Division 2.
July 3, 2007.
Jodi R. Backlund, Manek R. Mistry, Backlund & Mistry, Olympia, WA, for Appellant.
Lori Ellen Smith, Lewis Co. Prosecuting Atty. Office, Chehalis, WA, for Respondent.

OPINION PUBLISHED IN PART
PENOYAR, J.
¶ 1 Edwin R. Blatt appeals his third degree assault[1] and obstructing a police officer[2] convictions. He claims that the information charging him with these offenses was constitutionally deficient, the third degree assault statute violates the separation of powers doctrine, and the "to convict" instruction omitted an essential element of this offense. We affirm.

FACTS
¶ 2 On March 4, 2006, at about 12:30 AM, Centralia Police Officer William Rodocker was patrolling an alley between North Tower and North Pearl when he came upon a black Chevrolet Blazer blocking the alley. He then called dispatch to see if they would contact the owner to move the vehicle rather than having it towed. Dispatch spoke with Blatt's grandmother who came to the scene and went to get Blatt, who was living in the *1107 adjacent building she owned. Rodocker waited in his patrol car with Michael Pannkuk, who was riding in the car as an observer.
¶ 3 A few minutes later, Rodocker heard a male voice yelling, screaming, and swearing, wondering why the police were "always fucking with him." 2 Report of Proceedings (RP) at 27. Rodocker described Blatt as in a "full-blown rage." 2 RP 58. Rodocker got out of his vehicle, tried to explain to Blatt that his truck was blocking the alley, and that he needed to move it. After Blatt continued to yell obscenities at Rodocker, Blatt proceeded to open the passenger door and had his arms in the truck when Rodocker approached Blatt from behind. Fearing that Blatt may have been trying to get a weapon, Rodocker pulled Blatt back to see what he was grabbing and what he might have in his hand.
¶ 4 Suddenly, Blatt stood up, spun around, and struck Rodocker in the chest with his elbow, knocking him back several steps. Blatt immediately went back to his truck and Rodocker told him that he was under arrest. Blatt responded, "Fuck you." 2 RP 30. Rodocker then deployed his taser twice with little effect. Blatt fled the scene and neither Rodocker nor the additional officers he called could locate him. Rodocker then impounded Blatt's truck and placed a hold on it so Blatt could not get it back without reporting to the police.
¶ 5 Pannkuk added that he stood with Blatt's grandmother, Sylvia Blatt, and that she was yelling at Blatt to cooperate with the police. Sylvia later explained that Blatt had to get in the passenger side of his truck and that when Rodocker reached in behind Blatt, Blatt may have stepped back and fallen into Rodocker.
¶ 6 Blatt later testified that he had been parking his truck there for four months because vandals had broken into his truck multiple times in the parking lot. He described his mood as "pissy" because he had been awakened in the middle of the night after a hard day's work. 3 RP at 132. He explained that as he was getting into the passenger side of his truck, Rodocker slammed the truck door against him, he buckled to the ground, and then Rodocker said, "I can arrest you now." 3 RP 132. He said this angered him and he responded, "You can go ahead and arrest me. You can write me a fucking ticket. You might as well tow the truck too." 3 RP 132. He said he then was trying to get into the truck to move it when Rodocker hit him with the taser. He said he then made a decision to run for safety reasons.
¶ 7 On March 7, 2006, Blatt turned himself in to Officer Gary Byrnes at the Centralia Police Station. Blatt admitted to Brynes that he had been belligerent, struck with a taser, tried to get away, and had not been caught.
¶ 8 The State charged Blatt by information with third degree assault and obstructing a police officer. As to the assault, the State alleged:
. . . that defendant on or about March 04, 2006, in Lewis County, Washington, then and there assaulted a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault, to-wit: assaulted Officer Rodocker when he was performing his official duties; against the peace and dignity of the State of Washington.
Clerk's Papers (CP) at 14. The jury returned guilty verdicts and the court later imposed a stipulated exceptional sentence of one year and one day in confinement.

ANALYSIS
I. CONSTITUTIONALITY OF THE INFORMATION
¶ 9 Blatt argues that the charging document was constitutionally infirm because it failed to include as an essential element that the charged act did not constitute first or second degree assault as specified in RCW 9A.36.031(1). That statute provides, in part:
A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree: . . . (g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault.
*1108 (Emphasis added.) He relies on State v. Azpitarte, 140 Wash.2d 138, 141, 995 P.2d 31 (2000), where the State charged Azpitarte with second degree assault and felony violation of a no contact order. The State alleged that Aziparte committed two assaults, the one charged and another fourth degree assault on the same victim. The State argued that the jury could rely on either the second degree assault or the separate fourth degree assault as the predicate assault for the felony no contact order charge. On appeal, Aziparte argued that the State could not rely on the second degree assault. Our Supreme Court agreed. It examined former RCW 10.99.040(4)(b), which elevated a no contact order violation to a felony if it was accompanied by any assault "that [did] not amount to assault in the first or second degree." The court observed:
[W]ithout a showing of ambiguity, we derive the statute's meaning from its language alone. Coalition for the Homeless, 133 Wash.2d at 904, 949 P.2d 1291.[[3]] By finding that any assault can elevate a violation of a no-contact order to a felony, the Court of Appeals reads out of the statute the requirement that the assault "not amount to assault in the first or second degree." We will not delete language from a clear statute even if the Legislature intended something else but failed to express it adequately.
Azpitarte, 140 Wash.2d at 142, 995 P.2d 31. Thus, the State could not use the second degree assault as a predicate offense for the no contact order violation because the statute specifically excluded use of second degree assault in elevating a no contact order violation to a felony.
¶ 10 Relying on this holding, Blatt argues that the statute defining third degree assault is clear and unambiguous and excludes any acts constituting first or second degree assault. He argues that this language was an essential element of the offense; therefore, the charging document was inadequate and the charges must be dismissed. See State v. Leach, 113 Wash.2d 679, 686-87, 782 P.2d 552 (1989) (an information that fails to state an offense on its face is unconstitutional and must be dismissed).
¶ 11 Our Supreme Court essentially rejected Blatt's claim in State v. Ward, 148 Wash.2d 803, 64 P.3d 640 (2003). There, our Supreme Court held that the State did not have to prove that the predicate assault was not first or second degree because the State had not separately charged the defendants with first or second degree assault. The Court explained:
Petitioners' informations contained all essential elements of felony violation of a no-contact order based on an assault. Since the State did not charge Ward or Baker with first or second degree assault, the State was not required to allege that petitioners' conduct did not amount to assault in the first or second degree. We hold the informations sufficient.
Ward, 148 Wash.2d at 813, 64 P.3d 640.
¶ 12 Similarly here, because the State did not charge Blatt with first or second degree assault, the information was sufficient. Accord State v. Feeser, 2007 Wash.App. LEXIS 1186 (State need not prove absence of premeditation in proving second degree murder).
¶ 13 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: ARMSTRONG, P.J., and HUNT, J.
NOTES
[1] A violation of RCW 9A.36.031(g).
[2] A violation of RCW 9A.76.020(1).
[3] Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs., 133 Wash.2d 894, 949 P.2d 1291 (1997).