**FILED**
**JUNE 2, 2015**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31857-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| THOMAS L. PARKER, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Thomas L. Parker appeals his 2013 Franklin County second degree robbery conviction. He contends: (1) the information omitted an essential element of the offense of second degree robbery, that he used or threatened to use force to retain the stolen items, (2) the trial court should have instructed the jury on the lesser included offense of third degree theft, and (3) the trial court erred by including two prior Arkansas convictions in his offender score. In his pro se statement of additional grounds for review, he asserts that he had ineffective assistance of trial and appellate counsel. We affirm his judgment and sentence.

FACTS

The charge here arose in November 2012, when a Rite Aid employee—Zachariah Briggs—saw Mr. Parker take two bottles of tequila off the store shelf and secrete them in his pants. After Mr. Parker left the store without paying (setting off the alarm), Mr. Briggs approached, and Mr. Parker immediately lowered his head and rammed his shoulder into him. Another Rite Aid employee witnessed Mr. Briggs struggling to subdue Mr. Parker and went to help. At this point, Mr. Parker threw the bottles of tequila on the ground and hit Mr. Briggs in the face. The Rite Aid employees eventually subdued Mr. Parker and called police.

The State charged Mr. Parker with one count of second degree robbery, alleging:

> That the said Thomas L. Parker in the County of Franklin, State of Washington, on or about November 27, 2012, then and there, with intent to deprive the owner of property, did unlawfully take such personal property, to wit: two bottles of tequila which belonged to a person other than the accused, in the presence of Zak N. Briggs, against such person's will by use or threatened use of immediate force, violence, or fear of injury to the person.

Clerk's Papers (CP) at 132. The jury found him guilty as charged.

At sentencing, the State recommended an offender score of six, including three prior Arkansas convictions of residential burglary, theft of property, and theft by receiving, two Washington convictions of residential burglary and second degree burglary, and one additional point for committing the current crime while on community

2

custody (RCW 9.94A.525). The standard range with an offender score of 6 is 33 to 43 months. RCW 9.94A.510; RCW 9.94A.515; RCW 9A.56.210. Finding that "[r]ecent changes in the theft statute result[] in an offender score that does not reflect the legislature's intent," the trial court imposed an exceptional sentence downward of 29 months. CP at 23.

## A. Sufficiency of the Information

Mr. Parker first contends the information was deficient because it did not include a necessary element—use of force to retain the property—or specific facts alleging that he used force to retain the property. He claims that the failure to describe the specific conduct constituting the crime was legally and factually deficient.

A charging document must contain all the essential elements of a crime to inform a defendant of the charge and to allow preparation for a defense. *State v. Kiliona-Garramone*, 166 Wn. App. 16, 22, 267 P.3d 426 (2011), *review denied*, 174 Wn.2d 1014 (2012). To determine the essential elements of a charged crime, we look to the statutory language and construe it to avoid an absurd result. *Id.* (citing *State v. Tinker*, 155 Wn.2d 219, 221, 118 P.3d 885 (2005); and *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)).

The standard of review for a challenge of the criminal information depends on the timing of the challenge. *Kiliona-Garramone*, 166 Wn. App. at 23. If the defendant

challenged the sufficiency of the information before or at trial, we construe the information strictly. *State v. Vangerpen*, 125 Wn.2d 782, 788, 888 P.2d 1177 (1995). "If, however, a defendant moves to dismiss an allegedly insufficient charging document after a point when the State can no longer amend the information, such as when the State has rested its case," the information is construed liberally in favor of validity. *Kiliona-Garramone*, 166 Wn. App. at 23.

Because Mr. Parker did not challenge the sufficiency of the information until after the State rested its case, we liberally construe the language of the charging document in favor of validity. *Id.* Under this standard, we determine whether the necessary facts appear in any form or fair construction of the language in the charging document, and if so, whether Mr. Parker can show that he was nonetheless actually prejudiced by a lack of notice. *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991); *Kiliona-Garramone*, 166 Wn. App. at 25.

Here, the information alleged Mr. Parker "with intent to deprive the owner of property, did unlawfully take such personal property, to wit: two bottles of tequila" in the presence of Mr. Briggs, and against such person's will by use or threatened use of force. CP at 132. The essential elements of robbery are defined in RCW 9A.56.190, partly stating a person commits robbery "when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or

threatened use of immediate force." This force or fear "must be used to obtain or retain

possession of the property, or to prevent or overcome resistance to the taking." RCW

9A.56.190. The language of the information closely tracks the statutory language and

specifically names the personal property taken (two bottles of tequila), as well as the

person who was present at the taking and against whom force was used to take and retain

the tequila (Mr. Briggs). Consequently, the necessary facts are included and gave Mr.

Parker ample notice of the charge against him.

## B. Lesser Included Offense

Mr. Parker next contends the trial court erred in denying his motion for a jury

instruction on third degree theft as a lesser included offense of second degree robbery. A

defendant is entitled to a lesser included offense instruction when: (1) each element of the

lesser offense is a necessary element of the charged offense, and (2) the evidence supports

an inference that the lesser offense was actually committed. *State v. Henderson,* ___

Wn.2d ___, 344 P.3d 1207, 1211 (2015) (citing *State v. Workman,* 90 Wn.2d 443, 447-48,

584 P.2d 382 (1978)).

Both Mr. Parker and the State agree the elements of third degree theft—wrongfully

obtaining or exerting unauthorized control over the property of another with intent to

deprive—are necessary elements of second degree robbery. RCW 9A.56.020, .050, .190,

.210. The issue then is whether the evidence supports an inference that only third degree

5

theft was committed. We review the trial court's decision for abuse of discretion. *Henderson*, 344 P.3d at 1212.

Here, the evidence does not support an inference that only third degree theft occurred. Robbery involves the unlawful taking or retaining of property with the use of force or fear. *State v. Handburgh*, 119 Wn.2d 284, 293, 830 P.2d 641 (1992). Mr. Parker admitted a struggle occurred here, testifying that the Rite Aid employees grabbed him for no reason. Accordingly, his own testimony established he used force, and does not support an inference that he committed solely theft.

## C. Ineffective Assistance of Counsel

The evidence of force shows Mr. Parker's claim of ineffective assistance of counsel lacks merit. To prove ineffective assistance of counsel, an appellant must show his attorney's performance fell below an objective standard of reasonableness and this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Mr. Parker contends his counsel should have moved at trial to dismiss the charge (erroneously referred to as "2nd degree assault" (statement of additional grounds for review at 1)), and should have sought dismissal on appeal on the basis that the evidence does not show that he used or threatened the use of force when taking the tequila. Because these challenges would not have been successful

at trial or on appeal, he cannot show prejudice to support a claim of ineffective assistance of counsel.

### D. Offender Score

Mr. Parker assigns error to the trial court's inclusion of two prior Arkansas convictions in his offender score of 6. He contends the 2005 Arkansas convictions of residential burglary and theft of property are not legally comparable to Washington offenses and should have been excluded under RCW 9.94A.525(3). The State asserts this issue is moot because Mr. Parker has completed his confinement in Washington and is currently serving a sentence in an Arkansas prison. We agree.

An issue is moot if this court can no longer provide the requested relief. *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). We may still decide an issue, however, if it involves matters of continuing and substantial public interest. *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).

The remedy for an incorrect offender score is to remand to the superior court for resentencing with the correct score. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). This resentencing may result in less confinement. *See Ross*, 152 Wn.2d at 228. Even if Mr. Parker returns to Washington to serve his term of community custody, and even if he receives a reduced sentence due to a remand for correction of the offender score, any excess time he served in prison cannot be credited toward his sentence of

7

No. 31857-5-III
*State v. Parker*

community custody. *See State v. Jones*, 172 Wn.2d 236, 242-43, 257 P.3d 616 (2011).

And he does not show that this issue involves matters of continuing and substantial public

interest justifying a decision. Thus, because this court can no longer provide him

effective relief, we find that the challenge of his offender score is moot.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

8