# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 72409-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| | ) | |
| MICHAEL RAY GOSS, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 17, 2015 |

TRICKEY, J. — The charging document must include all essential elements of an alleged crime to provide defendants notice of the nature of the allegations so that they can properly prepare their defense. An essential element is one that is necessary to establish the illegality of the behavior.

Here, the second amended information charged the crime of second degree child molestation alleging that the defendant was 36 months older than the victim, who was less than 14 years old and not married to or in a domestic partnership with the defendant. The statute defines the crime as "sexual contact with another who is at least twelve years old but less than fourteen years old."[1] The lower age of the victim is a criterion for establishing the proper penalty and not an essential element of the proscribed offense, child molestation. The information was not deficient.

None of the other errors raised by the defendant have merit. Because there is substantial evidence supporting the conviction, we affirm the judgment and sentence.

---

[1] RCW 9A.44.086.

FACTS

The State charged Michael Goss with one count of second degree child molestation alleging that between September 25, 2011 and September 24, 2012, Goss had sexual contact with E.F., who was 13 years old, and further, that at the time, Goss was more than 36 months older than the victim. Before trial, the court granted the State's motion to amend the information, charging an additional count of third degree attempted child molestation. The second count alleged Goss attempted sexual contact with E.F., then 14 years old, between September 25, 2012 and June 23, 2013. Defense did not object to that amendment.

E.F., born September 25, 1998, in tenth grade at the time of the trial, testified that Goss, then her grandmother's fiancé, inappropriately touched her on her breasts when she was at Goss's home where her grandmother lived. Goss called her over, grabbed her left arm, and touched her breasts stating, "I like these, do you like these?" The touching lasted about 15 seconds. E.F. was shocked. She told Goss, "No," to which he responded, "Why?" E.F. stated, "I don't," and she threw his hands off her.[2]

E.F. went back to playing on the computer, feeling weird, and wanting to go home. E.F. did not tell her grandmother, or anyone else. She later remembered that the incident had occurred in seventh grade, because it happened before she moved to her father's home in California for second semester in January. Goss only touched her breasts one time.

---

[2] Report of Proceedings at 483.

2

E.F. testified to two other incidents in Goss's house where Goss attempted to touch her but was unsuccessful. She recounted that one attempt had occurred at Thanksgiving, but when she screamed, her mother yelled from the other room, enabling E.F. to escape. In the other incident, E.F. managed to raise her arms to block Goss from touching her.

On June 22, 2013, E.F. attended a family reunion. At the reunion, E.F. was rude to Goss any time he approached her. E.F.'s mother, aunt, and uncle all chastised her for her rude behavior. E.F.'s uncle, Eric Randolph, approached E.F. asking her what was going on. E.F. started to cry and told her uncle what had occurred. Later that day, E.F., with her uncle's help, told her mother what had happened. The family informed E.F.'s grandmother the following day. E.F.'s grandmother immediately moved out of Goss's house.

Before the State rested, it moved to amend the charging period in count I to conform to testimony regarding the time frame within which the incident occurred.[3] Over an unspecified objection by defense counsel, the court permitted the amendment, finding there was no prejudice to the defendant.

The jury found Goss guilty of second degree child molestation, but acquitted him on the attempted molestation charge. Goss appeals.

## ANALYSIS

Goss contends that the trial court erred in permitting the State to amend the information prior to concluding its case and that the second amended information did not contain all the essential elements of the crime with which he was charged

---

[3] September 25, 2010 to September 25, 2012.

3

and convicted. Goss also argues that the evidence was insufficient and the trial court erred in limiting the scope of his closing argument.

Second Amended Information

Goss contends he was prejudiced by the State's amending the information to enlarge the charging period by one year after the State had presented all of its evidence but before the State rested. Under CrR 2.1(d), the court may permit an amendment of information any time before a verdict, if the defendant is not prejudiced. While the rule permits liberal amendment, it is tempered by article I, section 22 of the Washington State Constitution, which requires that the accused be adequately informed of the charge to be met at trial. State v. Pelkey, 109 Wn.2d 484, 487, 745 P.2d 854 (1987).

But here, the amendment did not charge any new offenses or add additional child molestation counts. Instead, it merely enlarged the time frame within which the crime was committed. Amendment of the charging period is usually not a material element of a crime and, thus, an "amendment of the date is a matter of form rather than substance, and should be allowed absent an alibi defense or a showing of other substantial prejudice to the defendant." State v. DeBolt, 61 Wn. App. 58, 60-62, 808 P.2d 794 (1991) (motion to amend permitted after State had rested and after defendant had testified); see also State v. Allyn, 40 Wn. App. 27, 35, 696 P.2d 45 (1985) (elements of the crime charged remained the same both before and after the change of the date). Goss has not claimed an alibi and he has failed to show any prejudice from the amendment. The trial court did not abuse its discretion in permitting the amendment.

Essential Elements

We review the adequacy of a charging document de novo. State v. Johnson, 180 Wn.2d 295, 300, 325 P.3d 135 (2014). Goss contends that the second amended information charging him with second degree child molestation is constitutionally deficient because it only alleged that E.F. was less than 14 years old at the time of the crime and did not include the allegation that E.F. was at least 12 years old as stated in the statute.

RCW 9A.44.086(1) provides:

A person is guilty of child molestation in the second degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

The second amended information alleged:

That the defendant Michael Ray Goss in King County, Washington, during an intervening period of time between September 25, 2010 and September 25, 2012, being at least 36 months older than ENF (DOB 9/25/98), had sexual contact for the purpose of sexual gratification with ENF (DOB 9/25/98), who was less than 14 years old and was not married to and not in a state registered domestic partnership with ENF (DOB (9/25/98).[4]

The State asserts that the only purpose of the "at least twelve" language of the statute is to differentiate the lower degrees from the higher degrees of child molestation. RCW 9A.44.086(1). That E.F. may have been younger than the lower age specified in the second degree child molestation statute does not mean that Goss did not commit sexual molestation. Several Washington Supreme Court and Court of Appeals decisions support the State's position that statutory language

---

[4] Clerk's Papers at 67.

differentiating the various degrees of a crime does not necessarily create an additional essential element.

In State v. Tinker, 155 Wn.2d 219, 222, 118 P.3d 885 (2005), our Supreme Court addressed a challenge to the sufficiency of an information alleging third degree theft that did not specify the value of the property taken. The court concluded that property value was not an essential element of the crime of third degree theft, despite language in the statute then at issue that the theft "does not exceed two hundred and fifty dollars in value." Tinker, 155 Wn.2d at 222 (quoting RCW 9A.56.050(1)).

The Tinker court reasoned that the property value was not essential to establish the illegality of theft behavior because such value merely served to distinguish the various degrees of theft and, thus, "taking any item constitutes at least third degree theft." 155 Wn.2d at 222 (emphasis omitted). "An 'essential element is one whose specification is necessary to establish the very illegality of the behavior.'" Tinker, 155 Wn.2d at 221 (quoting State v. Johnson, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992)); see also State v. Leyda, 157 Wn.2d 335, 341, 138 P.3d 610 (2006) (the value of goods, services, and credit obtained through identity theft is not an essential element of second degree theft); State v. Feeser, 138 Wn. App. 737, 744, 158 P.3d 616 (2007) (absence of premeditation not an element of second degree murder even though statute's language states "without premeditation").

In State v. Ward, 148 Wn.2d 803, 64 P.3d 640 (2003), the Supreme Court was presented with the question of whether failure to include that the assault was

6

neither first nor second degree in the information charging the defendant with violation of a no contact order under RCW 26.50.110(4) rendered the information insufficient. RCW 26.50.110(4) provided that "'[a]ny assault that is a violation of an order issued under this chapter . . . and that does not amount to assault in the first or second degree under RCW 9A.36.011 or 9A.36.021 is a class C felony.'" Ward, 148 Wn.2d at 810 (alterations in original) (quoting RCW 26.50.110(4)). The defense argued that that provision was an essential element of the crime. In rejecting the argument, the Supreme Court concluded that the definitional language, "does not amount to assault in the first or second degree," is not an essential element of the crime, but rather elevated no contact violations to a felony when any assault is committed. Ward, 148 Wn.2d at 812.

In State v. Smith, 122 Wn. App. 294, 296, 93 P.3d 206 (2004), this court rejected a similar argument to the one presented here involving a "to-convict" instruction rather than an information. The defendant argued that a "to-convict" instruction for third degree rape of a child was erroneous because it stated the ages of the victim as between 12 and 16, rather than between 14 and 16 years of age. The Smith court held that "the age of the victim is a function of the proper penalty and not an essential element of the proscribed offense of having sexual intercourse with a minor." 122 Wn. App. at 296. In so holding, the Smith court approved and cited the rationale in State v. Dodd, 53 Wn. App. 178, 181, 765 P.2d 1337 (1989), "that 'third degree statutory rape is a crime of inferior degree to second degree statutory rape, as each proscribes but one offense, that of sexual intercourse with one too immature to rationally or legally consent to the act.'" 122

7

Wn. App. at 298. A "to-convict" instruction, like an amended information, must contain all the essential elements of the crime. State v. Lorenz, 152 Wn.2d 22, 31, 93 P.3d 133 (2004).

To support his position, Goss cites Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), in which the United States Supreme Court held that a fact that increased the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt. There, the defendant was charged with robbery and using or carrying a firearm. Alleyne, 133 S. Ct. at 2155. The jury found that the defendant had used or carried a firearm, but had not indicated whether he had "brandished" the gun. Alleyne, 133 S. Ct. at 2155-56. If he had brandished a gun, his mandatory minimum sentence would have increased from five to seven years. Alleyne, 133 S. Ct. at 2155-56.

Alleyne is not helpful. First, it applies to sentencing enhancement. Here, Goss was not subjected to a higher sentence. Second, the omission of the lower age of 12 did not increase his sentence. In fact, the crime for which Goss was convicted was a lesser crime than if he had been convicted of child molestation of someone under the age of 12. Adopting Goss's argument would in effect put the defendant in the position of arguing that he was not guilty of second degree child molestation because he was in fact guilty of the greater crime of first degree child molestation.

The sole purpose of the "at least twelve" language of the statute is to differentiate the lower degrees from the higher degrees of child molestation. The

omission of the "at least twelve" language did not add to Goss's burden in any way; nor did it excuse the State from proving beyond a reasonable doubt that Goss, by his conduct, met the essential elements of child molestation in the second degree. The lower age limit is not an essential element of the crime and therefore its omission from the second amended information was not error.

Sufficiency of the Evidence

Goss argues insufficient evidence supports his conviction of child molestation of E.F. in the second degree.

Sufficient evidence supports a conviction when, viewed in the light most favorable to the State, a rational fact finder could have found guilt beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all inferences reasonably drawn from the evidence. Salinas, 119 Wn.2d at 201. This court defers to the fact finder on issues of witness credibility and the persuasiveness of the evidence. State v. Camarillo, 115 Wn.2d 60, 794 P.2d 850 (1990); State v. Carver, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

The only incident at issue here is Goss's touching E.F.'s breasts. Goss disputes that it occurred during the charging period, but the evidence presented clearly established that it occurred within the charging period. E.F. testified that she was in seventh grade when the incident occurred. She remembered this because it was the same year that she left to stay with her father in California in January for the second semester of seventh grade. E.F. testified that the touching occurred before she went to California.

That this touching occurred when E.F. was in the seventh grade is supported by testimony from E.F. and her mother, who both testified that E.F. had just completed her ninth grade in July 2014 at the time of the trial. Thus, her seventh grade school year would have been between fall 2011 and spring 2012. E.F. would have been 12 years old when she started seventh grade and turned 13 years old in September 2011. Although the mother testified that E.F. went to visit her father in eighth grade, the jury was free to believe E.F.'s testimony. If believed, the evidence was sufficient to support the charge.

## Scope of Closing Argument

During cross-examination, defense counsel asked the investigating police detective whether he had taken a 50 minute recorded statement from Goss regarding the allegations. The State objected to the question but was overruled. The detective verified that he had taken the statement. There was no further testimony about the interview.

Before closing argument, the State moved to prevent defense counsel from arguing that the State did not present any evidence from the recorded interview because it was not helpful to the State's case. The court agreed, stating that the evidence was inadmissible as hearsay since it was not introduced by the State, the party opponent. The court refused to permit the defense to argue that the State should have introduced the recorded interview because it weakened the State's case. The court permitted the defense to argue that the detective conducted an investigation and that investigation included conducting a recorded interview with

the defendant. Any other information regarding that interview was not in evidence and could not be argued. Defense counsel objected to the court's ruling.

A trial court's limitation of the scope of closing argument is reviewed for abuse of discretion. State v. Wooten, 178 Wn.2d 890, 896-97, 312 P.3d 41 (2013). "This court will find that a trial court abused its discretion 'only if no reasonable person would take the view adopted by the trial court.'" State v. Frost, 160 Wn.2d 765, 771, 161 P.3d 361 (2007) (emphasis omitted) (internal quotation marks omitted) (quoting State v. Perez-Cervantes, 141 Wn.2d 468, 475, 6 P.3d 1160 (2000)). The court has stressed that "the trial court should 'in all cases . . . restrict the argument of counsel to the facts in evidence.'" Perez-Cervantes, 141 Wn.2d at 475 (alteration in original) (internal quotation marks omitted) (quoting Sears v. Seattle Consol. St. Ry., 6 Wash. 227, 233, 33 P. 389, 33 P. 1081 (1893)). Otherwise a jury may be confused or misled. Perez-Cervantes, 141 Wn.2d at 474.

Here, the trial court found that the evidence sought to be introduced was inadmissible hearsay that was not in evidence. Because there was no evidence presented to the jury to support the inference Goss sought to argue, the trial court did not abuse its discretion in limiting the argument.

Goss argues that his position is analogous to an argument underlying the right to a missing witness instruction. That doctrine permits a jury to infer that a witness's testimony would have been unfavorable to the party that could have called, but did not call, the witness at trial. State v. Flora, 160 Wn. App. 549, 556, 249 P.3d 1888 (2011). Essentially, Goss sought to introduce evidence that the State knew he was not guilty, arguing that the State did not introduce the evidence

from its interview with him. Admissions of a party opponent are admissible under ER 801(d)(2), only if offered by the party opponent. Further, the defendant was unavailable to the State because it could not have called the defendant to the stand because of his privilege against self-incrimination.

In sum, a defendant does not have a right to present inadmissible evidence. State v. Hudlow, 99 Wn.2d 1, 14-15, 659 P.2d 514 (1983). Under the circumstances here, the court did not abuse its discretion.

Conclusion

The trial court properly permitted the amendment of the information which contained all the essential elements of the crime of second degree child molestation. There was sufficient evidence to sustain the conviction and the trial court did not abuse its discretion in limiting the scope of the defendant's closing argument.

Affirmed.

Trickey, J

WE CONCUR: